IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DALE LOTTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-3329-S-BN |
| | § | |
| CITY OF IRVING, ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER REGARDING SERVICE

Plaintiff Dale Lotts filed a *pro se* complaint under 42 U.S.C. § 1942 against the City of Irving and individual Irving police officers. *See* Dkt. No. 3. And the presiding United States district judge referred Lotts's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Lotts paid the statutory filing fee and, by doing so, undertook the obligation to (1) properly serve each defendant with a summons and the complaint in compliance with Federal Rule of Civil Procedure 4 or (2) obtain a waiver of service from each defendant. *See* FED. R. CIV. P. 4(j) (setting forth procedures for serving state and local governments); FED. R. CIV. P. 4(e) (setting forth procedures for serving individuals); *see also* FED. R. CIV. P. 4(d) (procedures for requesting that certain non-governmental defendants waive service); *but see Moore v. Hosemann*, 591 F.3d 741, 746-47 (5th Cir. 2009) (state official sued in official capacity not subject to "mandatory waiver obligations" of Rule 4(d)).

And Lotts must file with the Court, as applicable, a proof of service in

accordance with Rule 4(*l*) or an executed waiver of service.

The Court further advises Lotts that, if proper service is not made and shown to the Court through a filed proof of service (or a waiver of service obtained and filed with the Court) before the 90th day after the filing of this action (on December 4, 2025) that is not a Saturday, Sunday, or legal holiday – which will be **Wednesday, March 4, 2026** – this case is subject to dismissal without prejudice unless Lotts shows both (1) good cause for this failure and (2) good cause for the Court to extend the time for service for an appropriate, specified period. *See* FED. R. CIV. P. 4(m); *see also* FED. R. CIV. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

SO ORDERED.

DATED: December 10, 2025

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE