IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DALE LOTTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-3329-S-BN |
| | § | |
| CITY OF IRVING, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER SETTING BRIEFING SCHEDULE**

Plaintiff Dale Lotts filed this lawsuit *pro se* against Defendant City of Irving and several of its police officers related to events alleged to have occurred on December 4, 2023, paying the statutory filing fee to do so. *See* Dkt. No. 3.

The presiding United States district judge referred Lotts's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The City and Defendants James Markham, Andrew Hammett, and Paul Lewis now move to dismiss Lotts's complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 9-11.

The Court therefore STAYS the deadline to serve a responsive pleading to the complaint pending the Court's disposition of the motions to dismiss. *See* FED. R. CIV. P. 12(a)(4).

Preliminarily, to the extent that Defendants support at least one motion to dismiss through video footage that their purport to file through an appendix, *see* Dkt. No. 11, such footage must be filed manually with the Clerk of Court – and provided

to Lotts – through a medium that is universally accessible. Defendants must file a notice with the Court that they have complied with this directive no later than **January 16, 2026**.

Next, Lotts must file a written response to each motion to dismiss by **February 12, 2026**. Each response must be accompanied by or incorporate a brief, and each response and its brief must not together exceed 30 pages in length, excluding any table of contents and table of authorities.

And Defendants may file reply briefs, but no additional documents, by **February 27, 2026**. Each reply must not exceed 15 pages in length. No supplemental pleadings, briefs, or evidence or other documents may be filed in connection with the motions or the responses thereto without leave of court.

And, because Lotts is proceeding *pro se*, the Court sets forth these legal standards applicable to the motions to dismiss:

Considering a motion under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions, and, so, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels;

threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (While "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." (cleaned up)).

And, insofar as the individual defendants are sued in their official and individual capacities, "[t]he performance of official duties creates two potential liabilities, individual-capacity liability for the person and official-capacity liability for the municipality." *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.,* 229 F.3d 478, 485 (5th Cir. 2000).

So the standards applicable to pleading municipal liability apply to an official-capacity claim. *See, e.g.*, *Byrum v. City of Mesquite*, 126 F. App'x 670, 671 (5th Cir. 2005) (per curiam) ("A governmental entity or municipality, as well as officers thereof acting in their official capacity, can be held liable under [42 U.S.C.] § 1983 only if official policy or custom caused the deprivation of a constitutional right." (citations omitted)).

"Municipalities can be held liable for violating a person's constitutional rights under § 1983." *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir. 2020) ("*Sanchez II*") (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)).

And the general pleading standards set out above apply to a claim against a municipality. *See Hutcheson v. Dall. Cnty., Tex.*, 994 F.3d 477, 482 (5th Cir. 2021) ("There is no heightened pleading standard for § 1983 claims against municipalities. To survive a motion to dismiss, the complaint need not contain detailed factual allegations but still must state sufficient facts to establish a plausible claim on its face." (citing *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018))).

But, because "[a] person may sue a municipality that violates his or her constitutional rights [only] 'under color of any statute, ordinance, regulation, custom, or usage,'" *id.* (quoting Section 1983; citing *Monell*, 436 U.S. at 690), a plaintiff alleging a *Monell* claim "has two burdens: to [plausibly allege] (1) that a constitutional violation occurred and (2) that a municipal policy was the moving force behind the violation," *Sanchez II*, 956 F.3d at 791 (citing *Monell*, 436 U.S. at 694).

Applicable to Lotts's suing the individual defendants in their individual capacities, they assert qualified immunity, which is a basis for dismissal under Rule 12(b)(6).

And, "[w]here public officials assert qualified immunity in a motion to dismiss, [district courts] must rule on the motion." *Carswell v. Camp*, 54 F.4th 307, 310, 311 (5th Cir. 2022); *see also Valderas v. City of Lubbock*, 937 F.3d 384, 389 (5th Cir. 2019) (where the defense applies and is raised in good faith, "the plaintiff bears the burden

of demonstrating that a defendant is not entitled to qualified immunity").

But, because a plaintiff "need not anticipate a qualified immunity defense," *Fisher v. Dall. Cnty.*, 299 F.R.D. 527, 532 (N.D. Tex. 2014), the Rule 12(b)(6) standards are "not heightened … [w]hen a plaintiff pleads a § 1983 claim that implicates qualified immunity," *Allen v. Hays*, 65 F.4th 736, 744 (5th Cir. 2023) (citing *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020)).

Instead, a plaintiff need only "plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Allen*, 65 F.4th at 744 (quoting *Arnold*, 979 F.3d at 267).

That is, "a plaintiff must plead qualified-immunity facts with the minimal specificity that would satisfy *Twombly* and *Iqbal*." *Arnold*, 979 F.3d at 267; *accord Babinski v. Sosnowsky*, 79 F.4th 515, 519-20 (5th Cir. 2023) ("A plaintiff attempting to overcome qualified immunity at the Rule 12(b)(6) stage must plead facts that allow this court to reasonably infer that the defendant is liable for the harm alleged." (citing *Arnold*, 979 F.3d at 267)).

And, here, in support of dismissal, the individual defendants present video footage with their motion to dismiss. The Court may consider such footage at this stage in certain circumstances. *See, e.g.*, *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1163 (5th Cir. 2021) ("[W]here video recordings are included in the pleadings … the video depictions of events, viewed in the light most favorable to the plaintiff, should be adopted over the factual allegations in the complaint if the video 'blatantly

contradict[s]' those allegations." (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007); footnote omitted)); *Sligh v. City of Conroe, Tex.*, 87 F.4th 290, 298 (5th Cir. 2023) (per curiam) ("If an allegation is qualified by the contents of an exhibit attached to the pleadings, but the exhibit instead contradicts the allegation, 'the exhibit and not the allegation controls.' Here, the Video was attached to Montgomery County and Montes's joint motion to dismiss and referenced by Sligh in her operative complaint. Accordingly, to the extent that the Video contradicts Sligh's allegations, the Video controls." (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004))).

And pleading a plausible violation of federal law is only one prong of the qualified immunity analysis. So, for a plaintiff to overcome qualified immunity, he must also show "that the right was clearly established" – "'[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Hodge v. Engleman*, 90 F.4th 840, 844 (5th Cir. 2024) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *limited by Pearson v. Callahan*, 555 U.S. 223 (2009)).

The deadlines set forth in this order will not be modified except upon written motion for good cause shown. Further, the Court strongly discourages any request to extend either of these deadlines through a motion that is filed within three business days of the existing deadline and will grant any such motion only upon a showing in the written motion of extraordinary circumstances.

The Court intends to rule on the motions to dismiss based on the parties' written submissions, without hearing oral argument. *See* N.D. TEX. L. CIV. R. 7.1(g) ("Unless otherwise directed by the presiding judge, oral argument on a motion will not be held."). But the Court, in its discretion or upon the request of any party, may schedule oral argument prior to ruling on the motions. Any party who desires oral argument must file a written request with the Court by **February 27, 2026**.

And, if, while the motions are pending, the parties are having serious discussions that might make it unnecessary for the Court to rule on the motions, the parties must immediately advise Shakira Todd, at (214) 753-2165, that such discussions are ongoing.

Any questions concerning the requirements of this order may be directed to Ms. Todd. But attorneys and parties should not contact Ms. Todd or the Court's chambers to ask when a ruling on a motion can be expected. And questions concerning electronic filing procedures should be directed to the ECF Help Desk at (866) 243-2866.

Please note that deadlines in this order are for filing or delivery and are not mailing dates and that the failure to comply with any part of this order may result in the imposition of sanctions, *see* FED. R. CIV. P. 16(f), and may lead to dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: January 12, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE