IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DALE LOTTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-3329-S-BN |
| | § | |
| CITY OF IRVING, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING MOTION TO SUPPLEMENT**

Plaintiff Dale Lotts filed this lawsuit *pro se* against Defendant City of Irving and several of its police officers related to events alleged to have occurred on December 4, 2023, paying the statutory filing fee to do so. *See* Dkt. No. 3.

The presiding United States district judge referred Lotts's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After the City and Defendants James Markham, Andrew Hammett, and Paul Lewis moved to dismiss Lotts's complaint under Federal Rule of Civil Procedure 12(b)(6), *see* Dkt. Nos. 9-11, the Court entered a briefing order, under which Lotts timely filed a response on February 12, 2026, *see* Dkt. Nos. 12 & 15.

And, while Defendants' deadline to file a reply brief remains February 27, *see* Dkt. No. 12, Markham, Hammett, and Lewis filed on February 18 an unopposed motion for leave to file a supplemental appendix to their motion to dismiss, explaining that, "[d]ue to an oversight, a Business Records Affidavit authenticating Markham's Body Worn Camera video was inadvertently omitted from the filing of the original

Appendix. [Dkt. 11]" and that "Defendants are not seeking to introduce any new evidence in this Supplemental Appendix" but are rather "seeking to submit an affidavit which authenticates evidence already before this Court," Dkt. No. 19.

Under Rule 12(b)(6), a court may in certain circumstances rely on "video recordings [that] are included in the pleadings," *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1163 (5th Cir. 2021) – but such recordings are not evidence at this stage.

And, so, the Court GRANTS the unopposed motion but will consider the business records affidavit [Dkt. No. 19 at 7] only to the extent that it's necessary and proper to do so at the pleadings stage.

And, while Lotts does not oppose the motion to supplement, if he somehow feels the need to address the substance of the business records affidavit, he may move for leave to file a sur-reply limited to that issue no later than **March 6, 2026**.

SO ORDERED.

DATE: February 19, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE