**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DALE LOTTS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| | § | |
| | § | **CIVIL ACTION NO. 3:25-CV-03329-S-BN** |
| **VS.** | § | |
| | § | **ECF** |
| | § | |
| **CITY OF IRVING, OFFICER JAMES** | § | |
| **MARKHAM, OFFICER ANDREW** | § | |
| **HAMMETT, OFFICER PAUL LEWIS,** | § | |
| **and JOHN DOE JAIL OFFICERS 1-10** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT CITY OF IRVING'S REPLY TO PLAINTIFF'S RESPONSE**
**TO ITS MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF**

Respectfully submitted,

**CITY ATTORNEY'S OFFICE**
**CITY OF IRVING, TEXAS**

By:    /s/Saul Pedregon
       **SAUL PEDREGON**
       Senior Assistant City Attorney
       State Bar No. 00797231
       Email:  spedregon@IrvingTX.gov
       **JASON D. McCLAIN**
       Senior Assistant City Attorney
       State Bar No. 00797032
       Email:  jmcclain@IrvingTX.gov
       825 West Irving Boulevard
       Irving, Texas 75060
       Telephone: 972.721.2541
       Facsimile:  972.721.2750

**ATTORNEYS FOR DEFENDANTS CITY OF IRVING, JAMES MARKHAM, ANDREW HAMMETT, and PAUL LEWIS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 27, 2026, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following parties or attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Dale Lotts
401 E. 8th St.
Ste. 214 PMB 7860
Sioux Falls, SD 57103

/s/Saul Pedregon
**SAUL PEDREGON**
Assistant City Attorney

# TABLE OF CONTENTS

Table of Contents ...................................................................................................... i

Table of Authorities ................................................................................................. ii

I.   Adoption and Incorporation of Prior Filings ...................................................... 1

II.  Summary of Reply ............................................................................................... 1

III. Objection to Plaintiff's Response ....................................................................... 2

IV.  Argument and Authorities .................................................................................. 2

    A.   Plaintiff's Allegations Against the City of Irving ...................................... 2

    B.   Identification of the City's Final Policymaker .......................................... 3

    C.   Specification of an Offending City Policy or Custom ............................... 4

    D.   Plaintiff's Response .................................................................................. 6

V.   Plaintiff is Not Entitled to Discovery ............................................................... 12

VI.  Leave to Amend ................................................................................................ 14

VII. Conclusion ....................................................................................................... 15

# TABLE OF AUTHORITIES

*Cases*

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937, 1950 (2009) ................................................................ 5, 13

*Ashe v. Corley,*
    992 F.2d 540, 542 (5th Cir. 1993) ............................................................ 15

*Backe v. LeBlanc,*
    691 F.3d 645, 648 (2012) ......................................................................... 13

*Barnes v. City of El Paso,*
    677 F. Supp. 3d 594, 615 (W.D. Tex. 2023) ............................................ 8

*Bell Atlantic Corp v. Twombly,*
    550 U.S. 544 (2007) ................................................................................. 5

*Benavides v. County of Wilson,*
    955 F.2d 968, 973 (5th Cir.1992) ............................................................ 10

*Bernegger v. Dep't of Revenue,*
    785 F. App'x 209, 211 n.1 (5th Cir. 2019) .............................................. 14

*Brewster v. Dretke,*
    587 F.3d 764, 767–68 (5th Cir. 2009) ..................................................... 14

*Broyles v. Chase Home Fin.,*
    No. 3:10-CV-2256-G, 2011 WL 1428904, at *1 n.1 (N.D. Tex. Apr. 13, 2011) ...................... 2

*Burge v. St. Tammany Par.,*
    336 F.3d 363, 371 (5th Cir. 2003) ........................................................... 12

*Byers v. Navarro Cnty.,*
    2012 WL 677203, at *16 (N.D. Tex. Mar. 1, 2012) (Fitzwater, C.J.) ....................... 9

*Carswell v. Camp,*
    54 F.4th 307, 312 (5th Cir. 2022) ........................................................... 14

*Cepeda v. Emerald Corr. Mgmt. LLC,*
    2019 WL 4999973, at *4 (W.D. Tex. Aug. 28, 2018) ............................... 13

*City of Canton v. Harris,*
    489 U.S. 378, 390-91 (1989) ............................................................ 5, 11, 12

*Collins v. Morgan Stanley Dean Witter,*
    224 F.3d 496, 498 (5th Cir. 2000) ........................................................... 2

*Connick v. Thompson*,
  563 U.S. 51, 61 (2011)...................................................................................................... 12

*Davenport v. City of Garland*,
  Tex., No. 3:09-CV-798-B, 2010 WL 1779620, at *2 (N.D. Tex. Apr. 9, 2010) ...................... 3

*Deville v. Marcantell*,
  567 F.3d 156, 170-71 (5th Cir. 2009) ................................................................................... 9

*Evanston Ins. Co. v. Tonmar, L.P.*,
  669 F. Supp. 2d 725, 730 (N.D. Tex. 2009) ......................................................................... 2

*Goldsmith v. Hood County Jail*,
  299 F. App'x 422, 423 (5th Cir. 2008) ................................................................................. 15

*Helton v. Clements*,
  787 F.2d 1016, 1017 (5th Cir. 1986) ................................................................................... 13

*Henrise v. Horvath*,
  174 F.Supp.2d 493, 503 n. 6 (N.D. Tex. 2001), aff'd in part,
  No. 01-10649, 2002 WL 1860556 (5th Cir. June 28, 2002)................................................. 13

*Hicks v. Stahl*,
  No. 3:11-CV-2703-P (N.D. Tex. 2012) ............................................................................. 6, 7

*In re Carmelita, Inc*.,
  No. 1:08-CV-00410, 2009 WL 2356488, at *2 (S.D. Tex. July 29, 2009) .............................. 2

*Jackson v. City of Hearne*,
  959 F.3d 194, 202 (5th Cir. 2020) ....................................................................................... 14

*Kokesh v. Curlee*,
  14 F.4th 382, 397 (5th Cir. 2021) .......................................................................................... 7

*Lance v. City of San Antonio*,
  718 F. Supp. 3d 622, 649 (W.D. Tex. 2024)........................................................................... 8

*Littell v. Hous. Indep. Sch. Dist*.,
  894 F.3d 616, 622-23 (5th Cir. 2018) .................................................................................... 6

*Malloy v. Municipality of City of Com*.,
  Tex., 2023 WL 10352172, at *6 (E.D. Tex. July 14, 2023) ................................................... 14

*Mandujano v. City of Pharr, Texas*,
  786 F. App'x 434, 438 (5th Cir. 2019) ................................................................................. 14

*Middaugh v. InterBank*,
  528 F. Supp. 3d 509, 535 (N.D. Tex. 2021) .......................................................................... 2

*Peña v. City of Rio Grande*,
  879 F.3d 613, 621 (5th Cir. 2018) ................................................................ 6, 11

*Pineda v. City of Houston*,
  291 F.3d 325, 329 (5th Cir. 2002) ................................................................ 5, 12

*Ramirez v. Guadarrama*,
  2 F.4th 506, 513 (5th Cir. 2021) ........................................................................ 14

*Roberts v. City of Shreveport*,
  397 F.3d 287, 293 (5th Cir. 2005) ....................................................................... 9

*Rusanowsky v. City of Dallas*,
  No. 3:22-CV-01132-K, 2023 WL 2728722, at *5 (N.D. Tex. Mar. 30, 2023).................... 9, 11

*Shope v. Texas Dep't of Criminal Justice*,
  283 F. App'x 225, 226 (5th Cir. 2008) ................................................................. 14

*Snyder v. Trepagnier*,
  142 F.3d 791, 798-99 (5th Cir. 1998) .................................................................. 11

*Thompkins v. Belt*,
  828 F.2d 298, 304-05 (5th Cir. 1987) ................................................................... 11

*Thompson v. Upshur Cnty., TX*,
  245 F.3d 447, 459 (5th Cir. 2001) ........................................................................ 11

*Valle v. City of Houston*,
  613 F.3d 536, 542 (5th Cir. 2010) ........................................................................ 11

*Wicks v. Miss. State Emp't Servs.*,
  41 F.3d 991, 994-95 (5th Cir. 1995) ..................................................................... 13

*Zarnow v. City of Wichita Falls, Tex.*,
  614 F.3d 161, 170–71 (5th Cir. 2010) ....................................................................12

*Zinnah v. Lubbock State Supported Living Ctr.*,
  2023 WL 7314350, at *2 (5th Cir. Nov. 6, 2023)........................................................ 12

## DEFENDANT CITY OF IRVING'S REPLY TO PLAINTIFF'S RESPONSE TO ITS MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant City of Irving submits its Reply to Plaintiff's Response to its Motion to Dismiss [Dkt. 16].

## I.    ADOPTION AND INCORPORATION OF PRIOR FILINGS

As authorized by FED. R. CIV. P. 10(c), Defendant hereby adopts, incorporates by reference and reiterates the issues, arguments, and authorities asserted within its previously-filed Motion to Dismiss [Dkt. 9], as well as the arguments and authorities asserted by Defendants James Markham, Andrew Hammett, and Paul Lewis in their Motion to Dismiss [Dkt. 10] and contemporaneously filed Reply to Plaintiff's Response to Defendants James Markham, Andrew Hammett, and Paul Lewis's Motion to Dismiss.

## II.    SUMMARY OF REPLY

Plaintiff fails to show that he has pleaded non-conclusory facts that render his municipal liability claims plausible. Plaintiff compounds that failing by asserting that his claims will have merit if he is allowed an opportunity for discovery, which is not available until he has pleaded a plausible claim.

Plaintiff fails to demonstrate that his Complaint identifies the City's final policymaker, or that it identifies a City custom having the force of official policy. Plaintiff also fails to show that he pleads non-conclusory facts that would allow a reasonable inference that a City custom was the actual cause of a deprivation of his constitutional rights, or that would allow a reasonable inference of deliberate indifference by the City's final policymaker to a known or obvious risk of specific constitutional harms would result from the customs. Therefore, the Court should grant the City's motion and dismiss Plaintiff's Complaint as to the City.

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO ITS MOTION TO DISMISS**

### III.    OBJECTION TO PLAINTIFF'S RESPONSE

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is designed "to test the sufficiency of the pleadings, and courts do not consider materials outside of those pleadings in deciding those motions." *In re Carmelita, Inc*., No. 1:08-CV-00410, 2009 WL 2356488, at *2 (S.D. Tex. July 29, 2009); *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *Evanston Ins. Co. v. Tonmar, L.P.*, 669 F. Supp. 2d 725, 730 (N.D. Tex. 2009). A party cannot make new factual allegations in a response to a motion to dismiss. *Middaugh v. InterBank*, 528 F. Supp. 3d 509, 535 (N.D. Tex. 2021) ("As a general rule, claims and allegations that are not raised in the complaint, but raised for the first time in a response to a motion to dismiss are not properly before the court.") (citations omitted); *see also Broyles v. Chase Home Fin*., No. 3:10-CV-2256-G, 2011 WL 1428904, at *1 n.1 (N.D. Tex. Apr. 13, 2011). Plaintiff's attempt to plead new or additional facts in his Response should be rejected.

### IV.    ARGUMENT AND AUTHORITIES

#### A. Plaintiff's Allegations Against the City of Irving

In Plaintiff's Original Complaint, Plaintiff alleges *Monell* violations against Defendant City. Specifically, Plaintiff asserts that "[t]he City maintained:

- an established pattern of pretextual public-intoxication arrests by specific officers,
- coercive and unlawful jail-booking practices,
- a widespread and tolerated practice of muting body-worn-camera audio during enforcement encounters, and
- systemic failures in supervision, training, and discipline that allowed these practices to persist.

Each of these customs was a moving force behind Plaintiff's unlawful arrest, excessive force, retaliatory detention, and due-process violations."
[Dkt. 3, § IV Claim 6].

Defendant City moved for judgment on the grounds that Plaintiff has failed to establish an underlying constitutional violation. Defendant City also moved for judgment on the grounds

that Plaintiff has not plead and cannot establish evidence of any City policy or custom promulgated or adopted by the City's policymakers that caused ("were the moving forces behind") Plaintiff's alleged injuries. Further, Defendant City moved for judgment on the grounds that Plaintiff cannot show that any of the City's training procedures were inadequate, that the City's policymakers were deliberately indifferent in adopting a training policy, or that any City policy directly caused Plaintiff's alleged injuries. Likewise, Plaintiff cannot show that the polices regarding supervision, training, and treatment of persons was so constitutionally lacking that it constituted a deliberate disregard to Plaintiff's constitutional rights.

### B. Identification of the City's Final Policymaker

Plaintiff's Complaint fails to plead the identity of the City's final policymaker. Throughout his Complaint, Plaintiff generally refers to "the City" but does not identify a final policymaker. *See, generally,* Plaintiff's Complaint [Dkt. 3].

Plaintiff has failed to address this deficiency in his Response. [Dkt. 16]. This Court has deemed such an omission fatal, even in a pro se plaintiff's complaint. *See Davenport v. City of Garland*, Tex., No. 3:09-CV-798-B, 2010 WL 1779620, at *2 (N.D. Tex. Apr. 9, 2010) ("Plaintiff makes complaints against the City's policies but fails to name the final policymaker or state any facts which would allow the Court to make that determination. These bare assertions amount to nothing more than a "formulaic recitation of the elements" of a municipal liability claim. As such, the allegations are conclusory and not entitled to the assumption of truth.") (internal citations omitted), report and recommendation adopted, No. 3:09-CV-798-B, 2010 WL 1779619 (N.D. Tex. Apr. 30, 2010).

## C.  Specification of an Offending City Policy or Custom

Plaintiff fails to plead sufficiently the existence of an official City policy or custom. Plaintiff's Response avoids any discussion of this glaring omission. As discussed in greater detail in the City's Motion, Plaintiff generally refers to a "custom," "pattern," or "practice," but fails to specifically identify same. [Dkt. 9, § II(a)(2)].

Further, Plaintiff fails to identify any similar incidents of alleged constitutional violations.[1] His Complaint merely pleads that there *may* have been other incidents of similar violations, and relies on his speculative assertions that "Discovery" may bring such violations to light: "Plaintiff alleges on information and belief that this practice was widespread and tolerated at the time of his arrest" [Dkt. 3, p. 26]; and "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." *Id*. at p. 30. Plaintiff has further asserted in his Response that he is "entitled to discovery," [Dkt. 16, p. 9]; "Plaintiff's allegations plausibly plead a municipal custom and deliberate indifference that discovery can test," *Id*. at p. 11; and "Plaintiff is entitled to discovery on the full scope of these customs before dismissal," *Id*. at p. 13. Plaintiff's aspirational allegations that discovery may bring such violations to light have failed to create a reasonable inference of the existence of a policy, practice, or custom.

Rather, he relies on his own experience to extrapolate a pattern, practice, or custom. One single incident does not constitute a "persistent, widespread practice" that is "so well-settled as to constitute a custom that fairly represents municipal policy." *See, e.g., Pineda v. City of*

---

[1] In his Complaint, Plaintiff asserts that "[t]he pronounced concentration of PI arrests among Hammett and his trainee Markham, combined with Lewis's significantly lower figure, plausibly *indicates* a subgroup-level pattern that City supervisors would have observed through routine arrest-report reviews, shift reports, and the department's mandatory supervisory approval of arrests." [Dkt. 3, p. 23] (emphasis added). Plaintiff, however, has not asserted that this "concentration of PI arrests" was associated with any unconstitutional conduct. An arrest is not indicative of unconstitutional conduct.

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO ITS MOTION TO DISMISS**

*Houston*, 291 F.3d 325, 329 (5th Cir. 2002). That is, the Court cannot make a reasonable inference of the existence of a "persistent, widespread practice" based on the pleading of a single allegation of misconduct as a matter of law.

The same holds true of Plaintiff's perfunctory and conclusory pleading of a failure to train or supervise. Plaintiff generally complains about the City's training and supervisory practices [Dkt. 3, pp. 23-24, 26-27], and the aspirational hope that "discovery" may prove said violations. Plaintiff pleads no supporting facts that would render plausible his contentions (*see, generally*, PLAINTIFF'S COMPLAINT). Plaintiff also fails to plead in what manner the City's training program or supervision is deficient. Plaintiff obviously contends that Defendants Markham, Hammet, and/or Lewis were inadequately trained and/or supervised. But, even if that were true (which the City denies), a *Monell* claim premised upon insufficient training or supervision must be based upon a known systemic deficiency in the training program itself. *See City of Canton v. Harris*, 489 U.S. 378, 390-91 (1989) ("That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program"). Plaintiff's Response thus highlights the rationale for the Supreme Court's insistence in *Iqbal*, and in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007), that preceded it, that a plaintiff plead *facts* to render a claim plausible under Rule 8.

In summary, Plaintiff's failure to train or supervise allegations merely constitute a "formulaic recitation of the elements of a cause of action," and are patently insufficient to state a plausible claim against the City as a matter of law. Therefore, Plaintiff has failed to state a plausible claim and the City is entitled to dismissal.

### D. Plaintiff's Response

In his Response, Plaintiff pleads new and/or additional facts in support of his assertion that this Court should deny the City's Motion to Dismiss. As discussed in greater detail in Section III, *supra*, the City objects to same as a party cannot make new factual allegations in a response to a motion to dismiss. Even if the Court were to consider the new allegations, however, Plaintiff still cannot demonstrate the viability of his claims.

### 1. Municipal Policy

As discussed in greater detail in Section IV(c), *supra*, Plaintiff has failed to establish a viable cause of action for policy liability under 1983. Specifically, Plaintiff has failed to plausibly assert the three elements of municipal liability under § 1983: 1) that a constitutional violation occurred, and 2) an "official policy" attributable to the City's policymakers that 3) "was the moving force" behind it. *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622-23 (5th Cir. 2018); *see Peña v. City of Rio Grande*, 879 F.3d 613, 621 (5th Cir. 2018).

In his Response, however, Plaintiff asserts that the complaint adequately alleges an official custom or policy. [Dkt. 16, p. 7]. First, Plaintiff asserts that there was a pattern of pretextual public intoxication arrests that "*plausibly support* an *inference* of a subgroup-level custom transmitted through the City's FTO training mechanism." *Id*. at pp. 5, 8 (emphasis added). As discussed in greater detail Defendant's Motion to Dismiss, however, Plaintiff has not asserted that this "concentration of PI arrests" was associated with any unconstitutional conduct by the officers. An arrest is not indicative of unconstitutional conduct. [Dkt. 9, p. 18].

In further support of this allegation, Plaintiff asserts that "[t]his is not the first time the City of Irving has faced § 1983 claims arising from IPD officer conduct." [Dkt. 16, p. 15]. Plaintiff alleges that "[i]n *Hicks v. Stahl*, No. 3:11-CV-2703-P (N.D. Tex. 2012), seven IPD

officers were sued for forced entry into a residence, warrantless search, fabricated warrants, and excessive detention", and that the City was only dismissed because it invoked the *Heck v. Humphrey* bar. *Id*. Finally, Plaintiff asserts that "[t]hese dismissals provided notice that its officers were the subject of recurring § 1983 claims alleging similar categories of misconduct." *Id*.

Plaintiff incorrectly implies wrongdoing merely because a lawsuit may have been filed against the City or a police officer. Moreover, Plaintiff misrepresents the basis for the dismissal of the cause of action against the City. Specifically, in granting the City's Motion to Dismiss, the Court found that "Hicks fails to identify or allege a policymaker, an official policy, or a violation of constitutional rights whose 'moving force' is the policy or custom. Nor does Hicks identify a program or custom that resulted in a pattern of conduct by multiple employees that was the 'moving force' behind Hicks' alleged injury. Without specific facts alleged in support of such a policy, Hicks only provides conclusory allegations of wrongdoing by the City of Irving, which is an improper basis for a § 1983 claim against a municipality." *Hicks v. Stahl*, No. 3:11-CV-2703-P at pp. 9-11 (N.D. Tex. 2012) (internal citations omitted)[2]. Allegations of alleged wrongdoing by City police officers in a single lawsuit that was dismissed on the merits in 2012 can hardly be classified as notice of continuing constitutional violations by City police officers.

Second, Plaintiff argues that there is a "Videotape Guys" Informal Custom that "compel[s] the inference that 'videotape guys' is a pre-existing operational classification, not a passing remark." [Dkt. 16, p. 9]. However, in *Kokesh v. Curlee*, 14 F.4th 382, 397 (5th Cir. 2021), the Fifth Circuit found no constitutional violation when a police officer asked Plaintiff:

---

[2] The trial court's order in *Hicks* was not available on Westlaw; counsel for Defendants can provide a copy to the Court upon request.

"Is this what y'all do? Videotape the police?" Further, Plaintiff offers no evidence this alleged custom was the "but for" cause of his alleged constitutional violation.

Third, Plaintiff argues that muting body worn cameras is a tolerated practice. [Dkt. 16, p. 11]. Plaintiff has only cited this one incident in support of his claim of a custom and admits that existence of this practice is purely speculative: "Plaintiff alleges *on information and belief* that this practice is widespread and tolerated." *Id*. (emphasis added). Moreover, evidence establishing a pattern of officers failing to activate body worn cameras is not sufficient to give rise to municipal liability. *Lance v. City of San Antonio*, 718 F. Supp. 3d 622, 649 (W.D. Tex. 2024); *see also Barnes v. City of El Paso*, 677 F. Supp. 3d 594, 615 (W.D. Tex. 2023) ("Barnes provides no factual allegations linking the City's policies on body cameras to her injuries, outside of unadorned, conclusory assertions.").

Finally, Plaintiff asserts that jail customs independently support *Monell* liability. [Dkt. 16, pp. 12-13]. Plaintiff, however, admits that these "institutional procedures applied consistently *to Plaintiff*" and "[o]ther detainees were processed normally while Plaintiff waited." *Id*. (emphasis added). Plaintiff has cited no other incidents of this custom being applied to anybody but him. Further, as discussed in greater detail in Defendant's Motion to Dismiss [Dkt. 9, p. 9], the Supreme Court explicitly recognized - as a type of question "normally attendant to arrest and custody" - a "routine booking question exception" to *Miranda*. [Dkt. 9, p. 9]. Moreover, jail staff clarified to Plaintiff that they weren't going to ask him any questions about his case [Dkt. 11, 50:00]; "These are just medical questions, not questions about your case. Just like simple questions do you have like asthma or diabetes." *Id*. at 50:14. Finally, Plaintiff's claim that he could not use the phone also fails to state a constitutional claim. [Dkt. 9, p. 10].

## 2.  Failure to Train or Supervise

Alternatively, Plaintiff has asserted a failure-to-train or supervise theory of municipal liability. A municipality's failure to train or supervise its employees can serve as a basis for liability under 42 U.S.C. 1983. *See Deville v. Marcantell*, 567 F.3d 156, 170-71 (5th Cir. 2009). "Failure to train is a separate theory of municipal liability, but the same standard applies both to a failure to train claim and to a municipal liability claim." *Byers v. Navarro Cnty.*, 2012 WL 677203, at *16 (N.D. Tex. Mar. 1, 2012) (Fitzwater, C.J.) (citations omitted); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005). "[T]he Fifth Circuit does not differentiate between failure to train and failure to supervise claims when discussing such claims." *Rusanowsky v. City of Dallas*, No. 3:22-CV-01132-K, 2023 WL 2728722, at *5 (N.D. Tex. Mar. 30, 2023) (citations omitted).

Plaintiff asserts that the Complaint states a plausible failure-to-train or supervise claim. [Dkt. 16, p.18]. As discussed in greater detail in its Motion to Dismiss, the City has asserted that when state law mandates the training required of a city's officers - as in Texas - a plaintiff generally cannot satisfy the elements to support a claim of inadequate training. [Dkt. 9, pp. 23-24]. In response, Plaintiff asserts that compliance with state-mandated training requirements as one factor in the analysis and not a complete defense, and that the "officers repeatedly commit the same category of constitutional violation despite TCOLE compliance." [Dkt. 16, pp.18-19.].

In support of his assertions, Plaintiff purports to identify "five specific gaps in TCOLE training that caused the violations at issue:

> First, PI "danger" element. TCOLE does not train officers on evaluating whether an individual poses a "danger to himself or another" under Texas Penal Code § 49.02(a). The result: Markham offered Plaintiff a ride home — an option no officer would extend to someone he believed posed a danger to himself or others — yet arrested him for PI anyway. (Compl. W). The training gap directly caused the unlawful arrest.

Second, First Amendment retaliation. TCOLE does not train officers on the prohibition against retaliatory arrests for protected speech . . .

Third, body-worn camera muting protocols. TCOLE does not mandate training on when muting body-worn camera audio is or is not permissible, or on Texas statutory requirements to document reasons for non-activation. The result: unexplained audio gaps during the critical post-arrest period. (Compl. Y).

Fourth, jail intake Fifth Amendment. TCOLE does not train jailers to respect Fifth Amendment invocations during booking . . .

Fifth, body-worn camera documentation requirements. TCOLE does not address Texas statutory requirements that officers document reasons for not activating body-worn cameras. The result: unexplained audio gaps without documentation. (Compl. Y).

[Dkt. 16, pp. 19-20].

Plaintiff further asserts that there was a pattern that proves the training is inadequate; specifically, "three officers, trained through the same TCOLE programs, committed the same category of violations: pretextual PI arrests unsupported by probable cause, retaliatory in motive, accompanied by excessive force, and followed by coercive jail practices." [Dkt. 16, p.22]. However, as discussed in greater detail in Section IV(D)(1), *supra*, Plaintiff has failed to establish that there was a pattern of similar violations.

In an attempt to overcome the clear insufficiency to allege any pattern of unconstitutional conduct, Plaintiff then pivots to the "single incident exception." Specifically, Plaintiff asserts that the *City of Canton v. Harris* single incident exception applies. [Dkt. 16, p12]. However, when a municipality relies on the minimum training required by Texas law, the plaintiff must show that "this legal minimum of training was inadequate to enable the deputies to deal with 'usual and recurring situations' faced by ... police officers." *Benavides v. County of Wilson*, 955 F.2d 968, 973 (5th Cir.1992). "Proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference." *Thompson v. Upshur Cnty.*, TX, 245 F.3d 447,

459 (5th Cir. 2001), citing *Snyder v. Trepagnier*, 142 F.3d 791, 798-99 (5th Cir. 1998) and *Thompkins v. Belt*, 828 F.2d 298, 304-05 (5th Cir. 1987). Generally, the plaintiff must demonstrate at least a pattern of similar violations. *Id*., citing *Snyder*, 142 F.3d at 798. The inadequacy of training must be obvious and obviously likely to result in constitutional violation. *Id*., citing *City of Canton*, 489 U.S. at 390, 109 S.Ct. 1197 and *Snyder*, 142 F.3d at 799.

Plaintiff here offers no evidence of prior similar violations, instead relying on his singular experience. As such, this case is subject to the restrictive analyses for single incidents. The standard to impose municipal liability for a single incident is "extremely narrow" and requires proof "that the highly predictable consequence of a failure to train would result in the specific injury suffered, and that the failure to train represented the moving force behind the constitutional violation." *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010).

Significantly, "there is a difference between a complete failure to train[ ] ... and a failure to train in one limited area." *Rusanowsky v. City of Dallas*, No. 3:22-CV-01132-K, 2023 WL 2728722, at *6 (N.D. Tex. Mar. 30, 2023), citing *Peña v. City of Rio Grande City*, 879 F.3d 613, 624 (5th Cir. 2018). And the Fifth Circuit generally reserves the single-incident exception for cases when the employee "was provided no training whatsoever." *Id*. In this case, Plaintiff does not allege a complete failure to train; rather, he alleges a failure to train in specific areas. [Dkt. 16, pp. 19-20].

Plaintiff cites the case *Burge v. St. Tammany Parrish* in support of his assertion that that the *City of Canton v. Harris* single-incident exception applies in the jail context. [Dkt. 16, p. 12]. *Burge*, however, addressed the single incident exception in the context of spoliation of evidence and an alleged *Brady* violation, and determined that there was insufficient evidence to establish knowledge or deliberate indifference to the likelihood of a constitutional violation on the part of

a policy maker. *Burge v. St. Tammany Par.*, 336 F.3d 363, 371 (5th Cir. 2003). Moreover, the *Burge* court further acknowledged that "[t]he single incident exception, however, is a narrow one, and one that we have been reluctant to expand." *Burge*, 336 F.3d at 373; *see also Pineda*, 291 F.3d at 334–35 ("Charged to administer a regime without *respondeat superior*, we necessarily have been wary of finding municipal liability on the basis of [the single-incident] exception for a failure to train claim."). A municipality's liability is at its most tenuous when a claim turns on failure to train. *Connick v. Thompson*, 563 U.S. 51, 61 (2011). It is not enough to show that an officer could have been better trained. *Canton*, 489 U.S. at 390-91.

Plaintiff cited *Zarnow v. City of Wichita Falls* in support of his proposition that TCOLE compliance does not establish adequate training. The court in *Zarnow*, however, noted that the Fifth Circuit has previously rejected attempts by plaintiffs to present evidence of isolated violations and ascribe those violations to a failure to train. *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 170–71 (5th Cir. 2010) (citations omitted). Further, the only training-related evidence in the record demonstrated that the City's training procedures complied with state law, and as such plaintiff did not establish that the City's training practices were inadequate. *Id.*

## V.    PLAINTIFF IS NOT ENTITLED TO DISCOVERY

In both his Complaint and Response, Plaintiff consistently asserts that his allegations will be proven "in discovery." *See, generally,* PLAINTIFF'S COMPLAINT [Dkt. 3] and PLAINTIFF'S RESPONSE [Dkt. 16]; *see also* Section IV(c), *supra*. Plaintiff's assertions about what the discovery process *might* reveal are insufficient to state a *Monell* claim. *See, e.g., Zinnah v. Lubbock State Supported Living Ctr.*, 2023 WL 7314350, at *2 (5th Cir. Nov. 6, 2023) (noting that plaintiffs "cannot simply rely on vague assertions with the unsubstantiated hope that discovery will later vindicate them"); *Cepeda v. Emerald Corr. Mgmt. LLC*, 2019 WL 4999973,

at *4 (W.D. Tex. Aug. 28, 2018) ("Plaintiff cannot overcome the minimum pleading standard by arguing that additional facts will be unearthed during the discovery stage"). Moreover, such arguments have been found to be "unavailing," since litigants routinely engage in prefiling discovery and since ample means exist for a plaintiff, prior to the filing of a complaint, to obtain information regarding the official and de facto structure and operation of a governmental entity. *Henrise v. Horvath*, 174 F.Supp.2d 493, 503 n. 6 (N.D. Tex. 2001), aff'd in part, No. 01-10649, 2002 WL 1860556 (5th Cir. June 28, 2002). Finally, Plaintiff admits that he has submitted FOIA requests to the City and received information in return. [Dkt. 3, p. 23; Dkt. 16, p. 5].

Plaintiff is not entitled to any discovery until he first pleads a plausible claim. The Supreme Court made that point clear in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("Rule 8 . . . does not open the doors of discovery for a plaintiff armed with nothing more than conclusions"). Plaintiff fails to adequately plead the identity of the City's final policymaker or identify a constitutionally defective policy or custom. Therefore, Plaintiff's complaint is deficient as a matter of law, and fails to state a plausible claim.

Further, "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (2012) (citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986). When qualified immunity is raised in a motion under FED. R. CIV. P. 12(B)(6), before any discovery is permissible "a district court must first find 'that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Id*. (quoting *Wicks v. Miss. State Emp't Servs*., 41 F.3d 991, 994-95 (5th Cir. 1995).

Finally, "where the pleadings are insufficient to overcome [qualified immunity], the district court must grant the motion to dismiss without the benefit of pre-dismissal discovery."

*Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022). "To get to discovery, [Plaintiffs] must allege sufficient facts in his complaint to state a plausible claim for relief." *Jackson v. City of Hearne*, 959 F.3d 194, 202 (5th Cir. 2020). "[A]ll plaintiffs - even those who want to go fishing in discovery – must plausibly plead every element of their claim to withstand Rule 12(b)(6)." *Ramirez v. Guadarrama*, 2 F.4th 506, 513 (5th Cir. 2021). Plaintiff has not done so.

## VI.    LEAVE TO AMEND

Plaintiff should not be granted leave to amend his complaint. A pro se plaintiff ordinarily should be granted leave to amend his complaint before dismissal. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). But the Court is not required to grant leave "if the plaintiff has already pleaded his best case," *id*., and an amendment would be futile. *See Mandujano v. City of Pharr, Texas*, 786 F. App'x 434, 438 (5th Cir. 2019); *Bernegger v. Dep't of Revenue*, 785 F. App'x 209, 211 n.1 (5th Cir. 2019).

Here, any amendment to his unlawful arrest and false imprisonment, First Amendment retaliation, excessive force, and conspiracy claims against the Officers would be futile because those claims are barred by qualified immunity. *See Malloy v. Municipality of City of Com.*, Tex., 2023 WL 10352172, at *6 (E.D. Tex. July 14, 2023) (finding leave to amend futile when plaintiff did not meet his burden to overcome defendants' assertion of qualified immunity), adopted by, 2024 WL 1020565 (E.D. Tex. Mar. 8, 2024). And Plaintiff should not be given leave to amend his claims against the City because he gives no indication that he has not already pleaded his best case. He does not state any material facts he would have included in an amended complaint. *See Shope v. Texas Dep't of Criminal Justice*, 283 F. App'x 225, 226 (5th Cir. 2008) (unpublished) ("Shope does not allege what facts he would include in an amended complaint. Therefore, Shope has not shown that the district court abused its discretion in dismissing his

complaint.") (citing *Ashe v. Corley*, 992 F.2d 540, 542 (5th Cir. 1993)); *Goldsmith v. Hood County Jail*, 299 F. App'x 422, 423 (5th Cir. 2008) (unpublished) (affirming district court's dismissal of pro se complaint when litigant failed to "explain what facts he would have added or how he could have overcome the deficiencies found by the district court if he had been granted an opportunity to amend").

## VII.    CONCLUSION

Plaintiff was not subject to unconstitutional unlawful arrest and false imprisonment, First Amendment retaliation, excessive force, conspiracy, or deprivation of due process. Further, the facts alleged within Plaintiff's Original Complaint do not constitute the violation of any right protected by the Constitution or laws of the United States, and as such, Plaintiff's claims must be dismissed for failure to state a claim for which relief can be granted.

WHEREFORE, PREMISES CONSIDERED, Defendant City of Irving respectfully prays that: (1) the Court grant Defendant's respective Rule 12(b)(6) Motions to Dismiss Plaintiff's claims; (2) Plaintiff take nothing by this suit; (3) all relief requested by Plaintiff be denied; (4) Defendant recover all costs of suit and attorney's fees; and (5) for such other and further relief, general or special, at law and in equity, to which it may be justly entitled.