IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DALE LOTTS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | CIVIL ACTION NO. 3:25-CV-03329-S-BN |
| VS. | § | |
| | § | ECF |
| | § | |
| CITY OF IRVING, OFFICER JAMES MARKHAM, OFFICER ANDREW HAMMETT, OFFICER PAUL LEWIS, and JOHN DOE JAIL OFFICERS 1-10 | § | |
| | § | |
| Defendants. | § | |

DEFENDANTS JAMES MARKHAM, ANDREW HAMMETT,
AND PAUL LEWIS'S REPLY TO PLAINTIFF'S RESPONSE
TO THEIR MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF

    Respectfully submitted,

    **CITY ATTORNEY'S OFFICE**
    **CITY OF IRVING, TEXAS**

    By:   /s/Saul Pedregon_____
             **SAUL PEDREGON**
             Senior Assistant City Attorney
             State Bar No. 00797231
             Email: spedregon@IrvingTX.gov
             **JASON D. McCLAIN**
             Senior Assistant City Attorney
             State Bar No. 00797032
             Email: jmcclain@IrvingTX.gov
             825 West Irving Boulevard
             Irving, Texas 75060
             Telephone: 972.721.2541
             Facsimile: 972.721.2750

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION TO DISMISS**

**ATTORNEYS FOR DEFENDANTS CITY OF IRVING, JAMES MARKHAM, ANDREW HAMMETT, and PAUL LEWIS**

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 27, 2026, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following parties or attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

  Dale Lotts
  401 E. 8th St.
  Ste. 214 PMB 7860
  Sioux Falls, SD 57103

          /s/Saul Pedregon_____
          **SAUL PEDREGON**
          Assistant City Attorney

# TABLE OF CONTENTS

Table of Contents .................................................................................................................. i

Table of Authorities .............................................................................................................. ii

I.   Adoption and Incorporation of Prior Filings ............................................................... 1

II.  Summary of Reply ....................................................................................................... 1

III. Objection to Plaintiff's Response ................................................................................ 2

IV.  Response to Plaintiff's Objections .............................................................................. 2

V.   Argument and Authorities ........................................................................................... 3

     A.   Unlawful Arrest and False Imprisonment ........................................................... 3

     B.   Excessive Force .................................................................................................. 7

     C.   First Amendment Retaliation .............................................................................. 7

     D.   Section 1983 Conspiracy .................................................................................... 9

     E.   Plaintiff is Not Entitled to Discovery ................................................................ 11

VI.  Conclusion ................................................................................................................ 13

# TABLE OF AUTHORITIES

*Cases*

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937, 1950 (2009) ................................................................................................ 12

*Backe v. LeBlanc*,
   691 F.3d 645, 648 (2012) ...................................................................................................... 12

*Bailey v. Ramos*,
   125 F.4th 667, 685 (5th Cir. 2025) .......................................................................................... 7

*Bevill v. Wheeler*,
   103 F.4th 363, 368 (5th Cir. 2024) ........................................................................................ 11

*Broyles v. Chase Home Fin.*,
   No. 3:10-CV-2256-G, 2011 WL 1428904, at *1 n.1 (N.D. Tex. Apr. 13, 2011) .................... 2

*Carswell v. Camp*,
   54 F.4th 307, 312 (5th Cir. 2022) .......................................................................................... 12

*Cepeda v. Emerald Corr. Mgmt. LLC*,
   2019 WL 4999973, at *4 (W.D. Tex. Aug. 28, 2018) ........................................................... 12

*Childers v. Iglesias*,
   848 F.3d 412, 415 (5th Cir. 2017) ........................................................................................... 5

*Club Retro, LLC v. Hilton*,
   568 F.3d 181, 204 (5th Cir. 2009) ........................................................................................... 4

*Collins v. Morgan Stanley Dean Witter*,
   224 F.3d 496, 498 (5th Cir. 2000) ........................................................................................... 2

*Degenhardt v. Bintliff*,
   117 F.4th 747, 758 (5th Cir. 2024) .......................................................................................... 8

*Gambrel v. Walker Cty.*,
   No. 4:18-CV-2868, 2019 WL 1057405, at *4 n.5 (S.D. Tex. Mar. 6, 2019) ......................... 10

*Helton v. Clements*,
   787 F.2d 1016, 1017 (5th Cir. 1986) ..................................................................................... 12

*Henrise v. Horvath*,
   174 F.Supp.2d 493, 503 n. 6 (N.D. Tex. 2001), aff'd in part,
   No. 01-10649, 2002 WL 1860556 (5th Cir. June 28, 2002) ................................................. 12

*Hilliard v. Ferguson*,
   30 F.3d 649, 653 (5th Cir. 1994) ........................................................................................... 11

*Ibenyenwa v. Wells*,
    No. 5:18-CV-68-RWS- CMC, 2020 WL 1226970, at *4 (E.D. Tex. Mar. 13, 2020) .............. 10

*In re Carmelita, Inc.*,
    No. 1:08-CV-00410, 2009 WL 2356488, at *2 (S.D. Tex. July 29, 2009) ............................... 2

*Jackson v. City of Hearne*,
    959 F.3d 194, 202 (5th Cir. 2020) ....................................................................................... 12

*Kokesh v. Curlee*,
    14 F.4th 382, 397 (5th Cir. 2021) ..................................................................................... 8, 9

*Marceaux v. Lafayette City-Par. Consol. Gov't*,
    921 F. Supp. 2d 605, 644 (W.D. La. 2013) ......................................................................... 10

*Microsoft Corp. v. Big Boy Distribution LLC*,
    589 F.Supp.2d 1308, 1322–24 (S.D. Fla. Dec. 3, 2008) ..................................................... 10

*Middaugh v. InterBank*,
    528 F. Supp. 3d 509, 535 (N.D. Tex. 2021) .......................................................................... 2

*Presley v. City of Benbrook*,
    4 F.3d 405, 409 (5th Cir. 1993) ............................................................................................. 6

*Ramirez v. Guadarrama*,
    2 F.4th 506, 513 (5th Cir. 2021) ......................................................................................... 13

*Sibron v. New York*,
    392 U.S. 40, 63, 88 S. Ct. 1889, 1902, 20 L. Ed. 2d 917 (1968) ........................................... 6

*Wicks v. Miss. State Emp't Servs.*,
    41 F.3d 991, 994-95 (5th Cir. 1995) ................................................................................... 12

*Zinnah v. Lubbock State Supported Living Ctr.*,
    2023 WL 7314350, at *2 (5th Cir. Nov. 6, 2023) ................................................................ 11

# DEFENDANTS JAMES MARKHAM, ANDREW HAMMETT, AND PAUL LEWIS'S REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants James Markham, Andrew Hammett, and Paul Lewis ("Defendants") submit their Reply to Plaintiff's Response to their Motion to Dismiss [Dkt. 15].

## I. ADOPTION AND INCORPORATION OF PRIOR FILINGS

As authorized by FED. R. CIV. P. 10(c), Defendants hereby adopt, incorporate by reference and reiterate the issues, arguments, and authorities asserted within their previously-filed Motion to Dismiss [Dkt. 10], as well as the arguments and authorities asserted by Defendant City of Irving in its Motion to Dismiss [Dkt. 9] and contemporaneously filed Reply to Plaintiff's Response to Defendant City of Irving's Motion to Dismiss.

## II. SUMMARY OF REPLY

Plaintiff's claims against Defendants Markham, Hammett, and Lewis for unlawful arrest and false imprisonment, First Amendment retaliation, excessive force, and Section 1983 conspiracy should be dismissed. Plaintiff has failed to overcome Defendants' entitlement to qualified immunity as he has failed to meet his burden to demonstrate the inapplicability of the defense. Plaintiff's allegations in support of his claim for unlawful arrest and false imprisonment fail as a matter of law because there was probable cause to arrest Plaintiff for multiple violations of the Texas Penal Code. Plaintiff's allegations in support of his excessive force claim fail as a matter of law because they do not establish any injury sufficient to support such a claim and the use of force was reasonable under the circumstances. Further, Plaintiff's First Amendment claims fail as there was probable cause to arrest Plaintiff for multiple violations of the Texas Penal Code and Plaintiff has failed to establish that Defendants' actions were substantially

motivated by Plaintiff's speech. Moreover, Plaintiff's Section 1983 conspiracy claims fail because he has failed to demonstrate an underlying constitutional injury, and because the City of Irving is a single entity and its employees cannot conspire among themselves. Finally, Plaintiff offers no well pled allegations to establish that Defendants violated clearly established law when they arrested him.

### III. OBJECTION TO PLAINTIFF'S RESPONSE

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is designed "to test the sufficiency of the pleadings, and courts do not consider materials outside of those pleadings in deciding those motions." *In re Carmelita, Inc.*, No. 1:08-CV-00410, 2009 WL 2356488, at *2 (S.D. Tex. July 29, 2009); *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *Evanston Ins. Co. v. Tonmar, L.P.*, 669 F. Supp. 2d 725, 730 (N.D. Tex. 2009). A party cannot make new factual allegations in a response to a motion to dismiss. *Middaugh v. InterBank*, 528 F. Supp. 3d 509, 535 (N.D. Tex. 2021) ("As a general rule, claims and allegations that are not raised in the complaint, but raised for the first time in a response to a motion to dismiss are not properly before the court.") (citations omitted); *see also Broyles v. Chase Home Fin.*, No. 3:10-CV-2256-G, 2011 WL 1428904, at *1 n.1 (N.D. Tex. Apr. 13, 2011). Plaintiff's attempt to plead new or additional facts in his Response should be rejected.

### IV. RESPONSE TO PLAINTIFF'S OBJECTIONS

In his Response, Plaintiff objects to Defendant's submission of Markham's BWC Video for the Court's consideration in support of their Motion to Dismiss. [Dkt. 15, pp. 3-5]. Defendants have filed a Supplemental Appendix [Dkt. 21] which contains a Business Records Affidavit which complies with FRE 902 that authenticates the Markham BWC Video [Dkt. 11].

Moreover, Plaintiff relies heavily on the Markham BWC Video in both his Complaint and Response in support of his allegations of wrongdoing by Defendants.

## V. ARGUMENT AND AUTHORITIES

### A. Unlawful Arrest and False Imprisonment

Plaintiff's allegations in support of his unlawful arrest and false imprisonment claim fail as a matter of law because they do not establish any injury sufficient to support such a claim. Moreover, there was probable cause to arrest Plaintiff for multiple violations of the Texas Penal Code including Public Intoxication, Interference With Public Duties, Failure to Identify, and Resisting Arrest. [Dkt. 10, § II(A)(1)].

In support of his assertion that there was no probable cause for his arrest, Plaintiff asserts that "Markham agreed there was '100%' no reason to suspect a crime and stated he could 'come up with' justification." [Dkt. 15, pp. 1, 2, 8, 11, 20, 21, 22]. This is a mischaracterization of Markham's statement. Specifically, Plaintiff had accused Markham of "looking at me like I'm some kind of criminal. You have no justification for doing it. You have no reason whatsoever to suspect that I'm about to commit a crime." [Dkt. 11, 03:15]. To which Markham responded "Oh, I 100% . . . Would you like some justification? Cause I can come up with it. You're coming from an area where people drink, you could be out in the roadway, and then you get PI. You might be drunk. I can justify that all damn day." (*Id*. at 03:26). Plaintiff's assertion that Markham admitted that there was no probable cause to arrest him is contradicted by the BWC Video. [Dkt. 11].

#### 1. Public Intoxication

Plaintiff asserts that Defendants lacked probable cause to arrest him for Public Intoxication because there were no objective indicators of intoxication. [Dkt. 15, pp. 7, 9, 11]. However,

during his interaction with Defendants, Plaintiff was combative and belligerent, and exhibited slurred speech, unsteady balance, and confusion. [Dkt. 10 § II(A)(1)(a)].

Plaintiff further asserts that probable cause must rest on objective facts known at the time, not post-hoc rationalizations. [Dkt. 15, pp. 8, 9, 13-14, 18, 25-26]. "The facts [constituting the basis for probable cause] must be known to the officer at the time of the arrest; post-hoc justifications based on *facts later learned* cannot support an earlier arrest." *Club Retro, LLC v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009) (emphasis added). Plaintiff, however, fails to direct the Court's attention to any "facts later learned" that would serve as post-hoc justifications. Defendants, on the other hand, have directed the Court's attention to the Markham BWC Video that objectively presents various indicators of Plaintiff's intoxication, as well as their on-scene comments and observations contemporaneous with Plaintiff's arrest. [Dkt. 10, § II(A)(1)(a)].

Plaintiff also asserts that Markham repeatedly told him that he was "free to go" yet arrested him 41 seconds after the last such statement without any change in his behavior, condition, or location. [Dkt. 15, pp. 1, 2, 8, 9, 11, 13, 14, 20, 22]. Plaintiff, however, was belligerent and combative prior to his arrest, which is one of the factors to consider in determining intoxication. [Dkt. 10, § II(A)(1)(a)].

Moreover, immediately prior to his arrest, Markham directed Plaintiff to "back up." [Dkt. 11, 05:43]. Plaintiff specifically disregarded Markham's instruction and stated "I don't need to back up." (*Id*. at 05:49). Markham then directed Plaintiff to "Just stay away from me" (*Id*. at 05:50), to which Plaintiff replied "Well, you can fucking leave." (*Id*. at 05:51) while again specifically disregarding Markham's instruction. As such, despite his assertions to the contrary, there was a marked change in Plaintiff's behavior prior to his arrest.

Finally, Plaintiff asserts that Markham offered a "ride-or-jail" ultimatum that was inconsistent with any belief that Plaintiff posed a danger. [Dkt. 15, pp. 3, 8, 10, 11, 20, 21, 22, 25, 26]. Plaintiff was staying at a hotel across the street from the site of the arrest [Dkt. 11, 09:02], and Markham was offering to take him to his hotel. (*Id*. at 13:09). Returning a person to their domicile would remove them from a public place. [Dkt. 10, § II(A)(1)(b), fn. 6]. Moreover, Markham believed that Plaintiff might jaywalk and cross the street to his hotel [Dkt. 11, 09:02]; as such, a return to the hotel was an alternative (to jail) to ensure that Plaintiff would be removed from a potentially dangerous situation.

### 2. Interference With Public Duties

Plaintiff asserts that there was not probable cause to arrest him for the offense of Interference with Public Duties because "Plaintiff's conduct was criticism/profanity and recording." [Dkt. 15, p. 13]. As discussed in greater detail in Defendants' Motion to Dismiss, Markham was performing his duties of traffic enforcement when he directed Plaintiff to "back up" and to "leave me alone." [Dkt. 10, § II(A)(c)(1)]. Plaintiff specifically disregarded Markham's instruction and stated "I don't need to back up" and "you can fucking leave." *Id*. Plaintiff "did more than just argue with police officers; he failed to comply with an officer's instruction, made within the scope of the officer's official duty and pertaining to physical conduct rather than speech." *Childers v. Iglesias*, 848 F.3d 412, 415 (5th Cir. 2017). As such, there was probable cause to arrest him for the violation of Interference With Public Duties.

### 3. Failure to Identify

Plaintiff asserts that there was no probable cause to arrest him for the offense of Failure to Identify because "Failure-to-identify under § 38.02 requires, as an element, that the person was *lawfully arrested* and then refused to provide the identifying information the statute requires."

[Dkt. 15, p. 14](emphasis in original). However, the word "lawful" in Texas Penal Code § 38.02 refers to the source of arresting officer's authority, not the propriety of the arrest. *Presley v. City of Benbrook*, 4 F.3d 405, 409 (5th Cir. 1993) ("Whether the arrest is "lawful" is not a precondition for the citizen's compliance with § 38.02(a). Moreover, "lawful" describes the source of the officer's authority, not the scope of his enforcement authority under the statute.").

Plaintiff also cites the case of *Sibron v. New York* in support of his proposition that "probable cause must exist at the moment the seizure begins; post-seizure events cannot retroactively justify an arrest already underway." [Dkt. 15, p. 14]. *Sibron*, however, is a possession of heroin case in which the paramount appellate issue was the propriety of the search and seizure that eventually led officers to discover the contraband. *Sibron v. New York*, 392 U.S. 40, 63, 88 S. Ct. 1889, 1902, 20 L. Ed. 2d 917 (1968) ("It is axiomatic that an incident search may not precede an arrest and serve as part of its justification.")(internal citations omitted). Said case is inapplicable.

### 4. Resisting Arrest

Plaintiff asserts that there was no probable cause to arrest him for Resisting Arrest because he "remained still and physically compliant - no pulling away, tensing, twisting, or other noncompliance - while Markham ordered his hands behind his back." [Dkt. 15, p. 14]. Despite his assertions, Plaintiff was not compliant. As discussed in greater detail in Defendants' Motion, Plaintiff disregarded numerous verbal directives from Markham to put his hands behind his back. [Dkt. 10, § II(A)(1)(c)(3)]. Moreover, after the second directive to place his hands behind his back, Plaintiff raised his arm and stepped towards Markham. *Id*. Finally, the Markham BWC Video shows Plaintiff pulling his arm away from Defendants as they attempt to handcuff him. *Id*.

Plaintiff asserts that after the use of force, Hammett stated that it was "completely unnecessary." [Dkt. 15, pp. 1, 3, 11, 14, 16, 17, 23]. Hammet was clearly referring to Plaintiff's

repeated failure to comply with Markham's directive to place his hands behind his back. [Dkt. 11, 07:20].

B. **Excessive Force**

Plaintiff's allegations in support of his excessive force claim fail as a matter of law because they do not establish any injury sufficient to support such a claim and the use of force was reasonable under the circumstances. [Dkt. 10, § II(A)(2)]. In his Response, Plaintiff reiterates that the alleged injuries suffered were "substantial pain and visible bruising." [Dkt. 15, pp. 3, 16]. As discussed in Defendants' Motion, these types of minor incidental injuries are *de minimis* and do not give rise to a constitutional claim for excessive force. [Dkt. 10, § II(A)(2)].

Moreover, Plaintiff is unable to establish a claim of excessive force because the force used was clearly not excessive to the need given the circumstances at hand. The force used by the officers was objectively reasonable in light of Plaintiff's continued disregard of their directives to place his hands behind his back and active resistance. *Id*. Even then, Defendants utilized the minimum force necessary to subdue Plaintiff. Once Plaintiff stopped resisting and complied with their instructions, no further force was utilized. *Id*.

C. **First Amendment Retaliation**

Plaintiff's allegations in support of his First Amendment retaliation claim fail as there was probable cause to arrest Plaintiff for multiple violations of the Texas Penal Code and Plaintiff has failed to establish that Defendants' actions were substantially motivated by Plaintiff's speech. [Dkt. 10, § III]. "A retaliation claim is only available 'when non-retaliatory grounds are in fact insufficient to provoke' the arrest, meaning that the officer's subjective motivation must be the but-for cause of the adverse action against the plaintiff." *Bailey v. Ramos*, 125 F.4th 667, 685 (5th Cir. 2025) "Thus, in the context of retaliatory arrest or prosecution, to prove causation,

a plaintiff generally must show that the officers lacked probable cause to make the arrest." *Degenhardt v. Bintliff*, 117 F.4th 747, 758 (5th Cir. 2024) (citation omitted).

Moreover, Plaintiff's assertion that Markham retaliated against him for exercising his First Amendment rights is belied by the fact that Markham was well aware that his conduct was being recorded for posterity. A look at the Court's analysis in a recent Fifth Circuit case finding qualified immunity is instructive in this regard:

> In making this claim, Kokesh alleges that his use of a cell phone to record Curlee's activities on the expressway was the cause of Curlee's actions in demanding to see Kokesh's ID and ultimately his arrest. Specifically, Kokesh cites Curlee's comment upon noticing Kokesh's camera: "Is this what y'all do? Videotape the police?"
>
> Kokesh's allegations that Curlee's actions were driven by seeing Kokesh video recording the encounter are frivolous. Indeed, Curlee was well aware that his conduct and verbiage was being recorded for posterity where all could view, examine, and second guess each and every second because he purposefully turned his bodycam on, and left it on for hours during the time he was with Kokesh. It therefore makes no sense that Curlee was angered, incensed, or motivated by resentment upon seeing Kokesh holding his recording cell phone.
>
> Moreover, Curlee not once instructed Kokesh to cease the video recording, nor did he try to obstruct Kokesh's camera lens. Curlee did not voice any objection to the video recording (no doubt because his bodycam was also recording), nor did he ask either Evans or Gizzarelli to prevail upon Kokesh to stop recording. Once Kokesh was arrested, Curlee did not destroy or delete the video recording, nor did he ask Kokesh's companions to do so. He did not even seek to stop the recording himself by grabbing the phone. In fact, Curlee offered Kokesh the option of either keeping his cell phone (which contained the existing recording and was even then recording or capable of continuing to record into the future), or putting it in possession of Evans and/or Gizzarelli for safekeeping. In front of Curlee, Kokesh gave the phone to Evans. These acts are hardly evidence of a state trooper angry over the video recording of his actions. Rather, they suggest the opposite.

*Kokesh v. Curlee*, 14 F.4th 382, 397 (5th Cir. 2021).

Plaintiff alleges that at booking, Markham identified Plaintiff as "one of those videotape guys," and that he has therefore plausibly alleged that speech/recording - rather than intoxication - substantially motivated the decision to arrest and continue detention. [Dkt. 15, pp. 20-21].

However, in *Kokesh v. Curlee*, 14 F.4th 382, 397 (5th Cir. 2021), the Fifth Circuit found no constitutional violation when a police officer asked Plaintiff: "Is this what y'all do? Videotape the police?"

Moreover, as in *Kokesh*, the Markham BWC Video clearly indicates that Markham knew that he was being recorded because he turned on his bodycam, that he not once instructed Plaintiff to cease recording nor did he try to obstruct Plaintiff's lens, that he didn't voice any objection to Plaintiff recording, that he did not seek to stop the recording by grabbing Plaintiff's phone, and that he did not destroy or delete the video recording. [Dkt. 11]. Markham even offered to turn Plaintiff's phone off so he could have some battery when he got out of jail. *Id*. at 42:37.

Finally, Plaintiff concedes that Markham repeatedly told him that he was "free to go." [Dkt. 15, pp. 1, 2, 8, 9, 11, 13, 14, 20, 22]. Markham's actions in telling Plaintiff that he was free to leave indicate that Plaintiff's protected activity was not a but-for cause of his arrest. Rather, Markham's actions indicate that he was willing to accept Plaintiff's criticism and allow Plaintiff to leave the scene. It was only after Plaintiff's continuing actions indicated public intoxication, as well as Plaintiff's disregard of Markham's directives to back up and to leave him alone, that Plaintiff was arrested. The temporal gap between the protected activity and Plaintiff's arrest are insufficient to allege a violation of Plaintiff's First Amendment rights.

**D.    Section 1983 Conspiracy**

Plaintiff's allegations in support of his Section 1983 conspiracy claims fail because he has failed to demonstrate an underlying constitutional injury, and because the City of Irving is a single entity and its employees cannot conspire among themselves.

The City has established that because the City of Irving is a single legal entity, its employees cannot conspire against themselves. [Dkt. 10, § IV]. Plaintiff asserts that this intracorporate conspiracy doctrine "does not apply when employees act for personal rather than institutional purposes." [Dkt. 15, p. 27]. Even if the "personal purposes" exception applies in the 1983 context, it is a narrow exception. *Gambrel v. Walker Cty.*, No. 4:18-CV-2868, 2019 WL 1057405, at *4 n.5 (S.D. Tex. Mar. 6, 2019). Plaintiff has pleaded no facts that would support his assertion that any individual defendant acted for his own personal purpose. Rather, Plaintiff's own Complaint asserts that Defendants were in the course and scope of employment as City of Irving police officers. [Dkt. 3 § II] ("Plaintiff seeks redress for the violation of his rights by officers and employees of the City of Irving."). "In this case, however, there are no allegations in the complaint suggesting that any of the individual defendants were acting for their own personal purposes rather than in the course and scope of their employment with the Lafayette police department at any relevant time." *Marceaux v. Lafayette City-Par. Consol. Gov't*, 921 F. Supp. 2d 605, 644 (W.D. La. 2013); *see also Ibenyenwa v. Wells*, No. 5:18-CV-68-RWS- CMC, 2020 WL 1226970, at *4 (E.D. Tex. Mar. 13, 2020) ("Plaintiff failed to allege, much less show, Defendants were acting entirely in their personal interests rather than in the course and scope of their employment with TDCJ."); *Microsoft Corp. v. Big Boy Distribution LLC*, 589 F.Supp.2d 1308, 1322–24 (S.D. Fla. Dec. 3, 2008) (finding the intra-corporate conspiracy doctrine governed investigators' actions within the scope of their employment despite the fact the actions were alleged to be illegal).

Plaintiff further alleges that "the doctrine does not protect ultra vires conduct." [Dkt. 15, p. 27]. Plaintiff proffers the case of *Hilliard v. Ferguson* in support of his position. *Id.* However, the court in *Hilliard* did not address *ultra vires* conduct in its opinion. The *Hilliard* court,

however, did find that a school board and its employees constitute a single legal entity which is incapable of conspiring with itself. *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994).

Similarly, Plaintiff relies on *Bevill v. Wheeler* to support his assertion that "the Fifth Circuit allowed a conspiracy claim past dismissal for coordinated First Amendment retaliation." [Dkt. 15, p. 24]. *Bevill*, however, involved defendants from separate entities; specifically, it involved defendants from the City of Quitman and Wood County. *Bevill v. Wheeler*, 103 F.4th 363, 368 (5th Cir. 2024).

Plaintiff further asserts that "the conspiracy extends beyond the police department to jail staff member Bermudez, defeating the single-entity rationale." [Dkt. 15, p. 27]. But again, Plaintiff's own Complaint concedes that all of the alleged offenders were in the course and scope of employment as City of Irving employees. [Dkt. 3 § II] ("Plaintiff seeks redress for the violation of his rights by officers and employees of the City of Irving.").

As none of Plaintiff's asserted exceptions apply in this matter and the City of Irving is a single entity whose employees cannot conspire among themselves, the intracorporate conspiracy doctrine bars Plaintiff's conspiracy claims.

### E.   Plaintiff is Not Entitled to Discovery

In his Complaint, "Plaintiff alleges on information and belief that this practice was widespread and tolerated at the time of his arrest" [Dkt. 3, p. 26]; and "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." *Id*. at p. 30. Plaintiff's assertions about what the discovery process *might* reveal are insufficient to state a claim. *See, e.g., Zinnah v. Lubbock State Supported Living Ctr*., 2023 WL 7314350, at *2 (5th Cir. Nov. 6, 2023) (noting that plaintiffs "cannot simply rely on vague assertions with the unsubstantiated hope that

discovery will later vindicate them"); *Cepeda v. Emerald Corr. Mgmt. LLC*, 2019 WL 4999973, at *4 (W.D. Tex. Aug. 28, 2018) ("Plaintiff cannot overcome the minimum pleading standard by arguing that additional facts will be unearthed during the discovery stage"). Moreover, such arguments have been found to be "unavailing," since litigants routinely engage in prefiling discovery and since ample means exist for a plaintiff, prior to the filing of a complaint, to obtain information regarding the official and de facto structure and operation of a governmental entity. *Henrise v. Horvath*, 174 F.Supp.2d 493, 503 n. 6 (N.D. Tex. 2001), aff'd in part, No. 01-10649, 2002 WL 1860556 (5th Cir. June 28, 2002). Finally, Plaintiff admits that he has submitted FOIA requests to the City and received information in return. [Dkt. 3, p. 23; Dkt. 16, p. 5].

Plaintiff is not entitled to any discovery until he first pleads a plausible claim. The Supreme Court made that point clear in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("Rule 8 . . . does not open the doors of discovery for a plaintiff armed with nothing more than conclusions"). Further, "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (2012) (citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986). When qualified immunity is raised in a motion under FED. R. CIV. P. 12(B)(6), before any discovery is permissible "a district court must first find 'that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Id*. (quoting *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994-95 (5th Cir. 1995).

Finally, "where the pleadings are insufficient to overcome [qualified immunity], the district court must grant the motion to dismiss without the benefit of pre-dismissal discovery." *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022). "To get to discovery, [Plaintiffs] must allege sufficient facts in his complaint to state a plausible claim for relief." *Jackson v. City of*

*Hearne*, 959 F.3d 194, 202 (5th Cir. 2020). "[A]ll plaintiffs - even those who want to go fishing in discovery – must plausibly plead every element of their claim to withstand Rule 12(b)(6)." *Ramirez v. Guadarrama*, 2 F.4th 506, 513 (5th Cir. 2021). Plaintiff has not done so.

## IV. CONCLUSION

Plaintiff was not subject to unconstitutional unlawful arrest and false imprisonment, First Amendment Retaliation, excessive force, or Section 1983 conspiracy. Further, the facts alleged within Plaintiff's Original Complaint do not constitute the violation of any right protected by the Constitution or laws of the United States, and as such, Plaintiff's claims must be dismissed for failure to state a claim for which relief can be granted.

WHEREFORE, PREMISES CONSIDERED, Defendants James Markham, Andrew Hammett, and Paul Lewis respectfully pray that: (1) the Court grant Defendants' their Rule 12(b)(6) Motions to Dismiss Plaintiff's claims; (2) Plaintiff take nothing by this suit; (3) all relief requested by Plaintiff be denied; (4) Defendants recover all costs of suit and attorney's fees; and (5) for such other and further relief, general or special, at law and in equity, to which they may be justly entitled.