IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DALE LOTTS                              §
                                        §
         Plaintiff,                     §
                                        §
                                        § CIVIL ACTION NO.
                                        § 3:25-CV-03329-S-BN
                                        §
VS.                                     §
                                        §          ECF
                                        §
CITY OF IRVING, OFFICER JAMES           §
MARKHAM, OFFICER ANDREW                 §
HAMMETT, OFFICER PAUL LEWIS,            §
and JOHN DOE JAIL OFFICERS 1-10         §
                                        §
                                        §
         Defendants.                    §

**PLAINTIFF'S SPECIFIC OBJECTIONS TO THE FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE <u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff objects under Federal Rule of Civil Procedure 72(b)(2) and 28 U.S.C. §

636(b)(1) to the Findings, Conclusions, and Recommendation entered and electronically

served July 24, 2026 (Dkt. 26) ("FCR"), for which Rule 72(b)(2)'s fourteen-day period

ends August 7, 2026. Each numbered objection identifies the challenged finding, its

location, the governing rule, the key facts, and the requested disposition, and

incorporates the corresponding section of the accompanying brief under N.D. Tex. L.

Civ. R. 72.2(a). The accompanying appendix reproduces the docketed materials cited in

both documents. "Pleaded" refers to allegations in the operative Complaint; "proposed"

refers to allegations the amended complaint will state, offered against futility only.

1. **Application of the video-controls standard.** Plaintiff objects to the finding that the

   recording blatantly contradicts the pleaded account. FCR at 5-6, 8-10. Video

   displaces pleaded facts only when it "blatantly contradict[s]" them, and only to that

extent. *Harmon v. City of Arlington*, 16 F.4th 1159, 1163 (5th Cir. 2021); *Sligh v. City of Conroe*, 87 F.4th 290, 298 (5th Cir. 2023). The FCR describes conduct it finds depicted, FCR at 8, 10, but identifies no Complaint allegation that description blatantly contradicts and no elapsed interval showing the contradiction. The recording is obstructed during the disputed contact interval and does not show Plaintiff's feet; finding a contradiction there resolves facts against Plaintiff. And the Irving Municipal Court, with the City's attorneys participating, weighed this recording against this account and suppressed all resulting evidence "in all things," an order stating no grounds and offered for its disposition alone. Compl. § III ¶ MM. Plaintiff requests that the Court find no blatant contradiction and take the pleaded account as true on de novo review, or else identify each contradicted allegation and its elapsed time, with thirty days to amend. Brief, Objection One.

2. **Probable cause.** Plaintiff objects to the finding that, "[a]t a minimum," probable cause existed to arrest Plaintiff for resisting arrest. FCR at 7-8. Probable cause is measured at the moment of arrest, on the facts then known. *District of Columbia v. Wesby*, 583 U.S. 48, 56-61 (2018). Every seizure marker precedes the conduct the FCR counts as resisting: the 06:36 commencement Defendants' own motion states, Officers MTD at 14 (App. 57), a party position Plaintiff pleads as the shared starting point; the movement to the commanded position by 06:40, permitting the inference of submission, *California v. Hodari D.*, 499 U.S. 621, 625-26 (1991); and the physical contact at 06:45, the strongest undisputed marker, *Torres v. Madrid*, 592 U.S. 306, 311, 317 (2021). Plaintiff states both halves of the governing rule: under Texas Penal Code § 38.03(b), if the Court credits qualifying resistance at 06:46-06:47, probable

cause would arise then and run forward, but later resistance cannot erase, or supply probable cause for, the arrest portion that preceded it. *Sauceda v. City of San Benito*, 78 F.4th 174, 187-88 (5th Cir. 2023). Whether qualifying resistance occurred is itself disputed: the native frames are obstructed, show no outward pull, and do not resolve intent. The facts known at 06:36 supplied neither public-intoxication element: five recorded noncustodial confirmations, no sobriety or welfare inquiry, and a pre-arrest exchange of one question and one bare impression, after Markham had answered that he could "come up with" justification. Dkt. 10, App. 1 at 03:08-03:38, 06:30-06:36. *Devenpeck v. Alford*, 543 U.S. 146, 152-53 (2004), reaches only offenses the known facts supported; none presented was, and the facts fairly raise no other. Plaintiff requests rejection, phase-specifically, of the finding that the 06:46-06:47 conduct supplied probable cause for the arrest that preceded it, or else the paragraph 9 disposition. Brief, Objection Two.

3.  **First Amendment retaliation.** Plaintiff objects to the conclusion that the retaliation claim fails because probable cause supported the arrest. FCR at 8. That conclusion rests on the probable-cause error. The recorded post-arrest exchange is causation evidence on that primary route: while Plaintiff stood handcuffed, Markham asked why he "hate[s] the police so much," described the deferential exchange that would have produced a ride home, offered "even now" a ride instead of jail, and said "cuffs come off as easy as they go on." Dkt. 10, App. 1 at 12:36-13:27. Post-arrest release was not his to give: article 14.031(a) operates only in lieu of arrest, and post-arrest release belongs to a magistrate. Tex. Code Crim. Proc. arts. 14.031(a)-(b), 14.06(b). A custody choice framed as his to trade, inconsistent with perceived danger and

outside his statutory authority, is recorded evidence that the decision turned on speech. For the *Gonzalez v. Trevino*exception, 602 U.S. 653, 658-59 (2024) (per curiam), the exchange is not offered as a completed comparator showing; that development belongs to the amendment track through City-controlled enforcement records and defeats futility. Plaintiff requests rejection of the retaliation conclusion and any futility finding, or else the paragraph 9 disposition. Brief, Objection Three.

4. **Excessive force.** Plaintiff objects to the findings that the recording establishes resistance, that the event was a brief struggle and placement into a patrol car, and that the force was not plausibly excessive, including any de minimis suggestion under *Carter v. Dupuy*, 173 F.4th 561 (5th Cir. 2026). FCR at 8-10. The recording is obstructed during the disputed contact and does not blatantly contradict the pleaded shove, the thirty-two-second painful hold, or the photographed bruising; the claim stands on those allegations under *Graham v. Connor*, 490 U.S. 386, 396 (1989). Hammett's recorded remark immediately afterward, "that was completely unnecessary," Compl. § III ¶ U, states no referent, and Plaintiff discloses that; offered as context, its timing permits a favorable inference on either reading. Continued force against a subdued, restrained, nonthreatening person violates clearly established law. *Timpa v. Dillard*, 20 F.4th 1020 (5th Cir. 2021). Plaintiff requests rejection of these findings, or else the paragraph 9 disposition. Brief, Objection Four.

5. **Qualified immunity.** Plaintiff objects to the alternative conclusion that the officer claims fail both immunity prongs, including the finding that Plaintiff cited authority without matching its facts. FCR at 10-14. The brief matches authority to fact by

officer, claim, and prong, each case predating December 4, 2023. Arrest: *Turner v. Driver*, 848 F.3d 678, 686-88, 693-96 (5th Cir. 2017), operating with Objection 2's showing that actual and arguable probable cause were absent. Retaliation: *Turner*, 848 F.3d at 688, and *Buehler v. Dear*, 27 F.4th 969, 992 (5th Cir. 2022), gave conduct-specific notice that public recording of police is protected. Force: *Trammell v. Fruge*, 868 F.3d 332, 340-43 (5th Cir. 2017), *Newman v. Guedry*, 703 F.3d 757, 761-64 (5th Cir. 2012), and *Hanks v. Rogers*, 853 F.3d 738, 744-47 (5th Cir. 2017). Intervention: *Hale v. Townley*, 45 F.3d 914, 919-20 (5th Cir. 1995). Arguable probable cause fails on the same facts: five recorded noncustodial confirmations, no admission, and no sobriety, welfare, or danger inquiry leave nothing a reasonable officer could mistake for probable cause. *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000). The disregarded-directives characterization cannot defeat the comparisons: a recording cannot show that a person heard, understood, had time to comply, and chose not to, and the 06:36 command was answered by the movement to the commanded position by 06:40. Plaintiff requests rejection of the immunity conclusion as to each officer claim, or else the paragraph 9 disposition. Brief, Objection Five.

6. **Conspiracy.** Plaintiff objects to the finding that the conspiracy allegations lack factual content supporting an agreement and to treating that omission as incurable. FCR at 10. The proposed allegations identify the documented field-training relationship, a prior joint public-intoxication arrest, complementary recorded acts, the recorded three-minute muted case discussion before any report issued, and separate impairment accounts the identified recordings are alleged not to support.

Accepted as true, they permit a reasonable inference of agreement. *Terwilliger v. Reyna*, 4 F.4th 270, 285 (5th Cir. 2021). Plaintiff requests rejection of the no-agreement finding, or else the paragraph 9 disposition. Brief, Objection Six.

7. **Municipal liability.** Plaintiff objects separately to the dismissal of each municipal path presented below and to the policy-or-custom, comparator, policymaker, deliberate-indifference, and moving-force conclusions supporting those dismissals. FCR at 14-22, 26-28. Four paths are presented: (1) the practitioner-described arrest custom; (2) failure to train; (3) failure to supervise; and (4) the jail booking custom. A fifth theory, post-suppression failure to correct, is not presently asserted; it is preserved for a Rule 11-verified amended pleading, and its facts are offered only as notice and persistence evidence for the presented paths. The proposed allegations rest on an officer's own recorded description of the arrest method, delivered in institutional terms while invoking City directives whose contents the City controls; on the documented field-training relationship; and on the jail employees' stated booking policy. Report-level, department-wide denominator data is disclosed corroboration only, never the custom itself. The continuing arrest-record harm to Plaintiff's employment, income, and pilot's license is pleaded as damages flowing from the arrest and retaliation. The brief answers *Robinson v. Midland County*, 80 F.4th 704 (5th Cir. 2023), on knowledge, *Longoria Next Friend of M.L. v. San Benito Independent Consolidated School District*, 942 F.3d 258 (5th Cir. 2019), on attribution, and *Sligh*'s ratification limit. Plaintiff requests rejection of these conclusions as to the operative Complaint and rejection of futility as to the proposed

allegations, or else the paragraph 9 disposition for any deficient path. Brief, Objection Seven.

8. **Jail claims.** Plaintiff objects to construing the jail allegations as asserting only a right to refuse routine booking questions, to the finding that the blood-pressure allegations do not plausibly allege deliberate indifference, and to treating the identified defects as incurable. FCR at 22-26. The claim challenges suicide-restraint threats and withheld phone access, magistration, and basic cell items used as leverage to compel answers: punishment of a pretrial detainee under *Bell v. Wolfish*, 441 U.S. 520 (1979), not a challenge to booking questions, and the amended complaint will assert no right to refuse them. *Pennsylvania v. Muniz*, 496 U.S. 582 (1990), and *Presley v. City of Benbrook*, 4 F.3d 405 (5th Cir. 1993), concern the questions, not compelled-answer consequences. An announced systolic reading above 200 followed by no reassessment, symptom inquiry, medical review, or monitoring permits the deliberate-indifference inference. The proposed allegations identify each Doe participant by role, duration, causation, and injury, and the City withholds the identifying records because this litigation is pending. Plaintiff did not know that substituting a named defendant could create a relation-back problem under *Jacobsen v. Osborne*, 133 F.3d 315, 320-21 (5th Cir. 1998). Once the issue became apparent, he requested the identifying records; Irving characterized the request as witness-identification discovery and withheld the non-basic material because this case is pending. Plaintiff requests focused identification discovery and one amendment opportunity, while recognizing that the Court may find substitution untimely. Non-binding *Balle v. Nueces County*, 690 F. App'x 847, 850-51 (5th Cir.

2017) (unpublished), denied the related tolling questions on its own record; they remain unresolved here. Plaintiff requests rejection of these findings, or else the paragraph 9 disposition, and no prejudice for any Doe-dependent theory before identification discovery. Brief, Objection Eight.

9. **Leave to amend and dismissal with prejudice.** Plaintiff objects to the recommendation that he likely stated his best case, that the remaining allegations are equally defective and not curable, and that every claim should be dismissed with prejudice. FCR at 26-28. Plaintiff has never amended, and the best-case inference rests on video that depicts only the street encounter and intake, not the jail-detention, training, supervision, review, or ordinance-rollout allegations. This filing deliberately presents a limited subset of the claims and theories pleaded in the operative Complaint, Compl. at 17-28 (App. 19-30). It does not redefine or abandon the remainder, which is preserved for a supported amended pleading rather than separately developed here, including: (a) Claim One, unlawful arrest and false imprisonment; (b) Claim Two, First Amendment retaliation; (c) Claim Three, each detention theory, including telephone and counsel access, magistration, coercive booking, suicide-related threats, withheld basic cell items, and medical care; (d) Claim Four, physical force and the suicide-threat theory; (e) Claim Five, the officer agreement and the patrol-to-jail branch; and (f) Claim Six, every pleaded municipal path. Proposing less as to any theory is candor, not abandonment or consent to dismissal with prejudice. These objections give the notice *Scott* requires; if the Court prefers to test futility against a complete pleading, Plaintiff requests leave to lodge a Rule 11-verified proposed amended complaint within thirty days, conformed to the

Court's claim-specific rulings. For any claim found deficient, Plaintiff requests this graduated disposition, in order: identification of the specific deficiency with thirty days to amend, or return of the claim to the magistrate judge under Rule 72(b)(3), and, only if both fail, dismissal without prejudice. Any theory whose identified defects Plaintiff cannot correct with supportable facts will not be included in the amended complaint. If the Court identifies a claim-specific ground not stated in the FCR, Plaintiff requests notice and one opportunity to respond before dismissal with prejudice. Brief, Objection Nine.

Plaintiff requests de novo review of each determination identified above, rejection of the recommended dismissal with prejudice, and leave to file one amended complaint within thirty days of the Court's order; any claim that remains deficient should be dismissed without prejudice.

Respectfully submitted,

/s/ Dale Lotts

Dale Lotts
Plaintiff, Pro Se
401 E. 8th St., Ste. 214 PMB 7860
Sioux Falls, SD 57103
(612) 208-9601
dale.lotts@policeconduct.org