**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| DALE LOTTS,<br>Plaintiff,<br>v.<br>JAMES MARKHAM, et al.,<br>Defendants. | **Civil Action No. 3:25-CV-03329-S-BN** |

**PLAINTIFF'S MOTION TO ALTER OR VACATE THE JUDGMENT AND FOR LEAVE TO FILE THE PROPOSED FIRST AMENDED COMPLAINT**

Plaintiff Dale Lotts moves under Federal Rule of Civil Procedure 59(e) to alter or vacate the August 12, 2026 judgment, Dkt. 30, and reopen this action. He moves under Rule 15(a)(2) for leave to file Exhibit A, the complete proposed First Amended Complaint. Alternatively, he seeks reopening and leave for every nonfutile claim and municipal path.

Plaintiff seeks correction of manifest legal error in the denial of his preserved amendment request and the adopted futility determination. He requested leave in both dismissal responses. Dkt. 15 at 28 (App. 3); Dkt. 16 at 27 (App. 4). The recommendation then permitted him to show "through timely objections a basis to amend the complaint to allege a plausible claim." Dkt. 26 at 28 (App. 20). His objections supplied proposed cures and requested leave to lodge one complete pleading within thirty days. Dkt. 28 at 8–9 (App. 21–22); Dkt. 28-1 at 29–31 (App. 23–25). The Court reviewed the objections, adopted the recommendation, and entered judgment five days later. Dkts. 29–30 (App. 26–27).

Plaintiff has not previously amended his complaint. Dkt. 28-1 at 30 (App. 24). The Court should apply the Rule 15 considerations to reopening and the Rule 12 standard to Exhibit A. The recommendation inferred that Plaintiff had stated his best case from recordings of the street encounter and intake. It declared the remaining allegations incurable. Dkt. 26 at 27 (App. 19). Exhibit A supplies the complete allegations that follow Plaintiff's requested amendment. It

separately identifies each officer's act and knowledge, the disputed arrest and force sequence, each jail restriction, and four municipal-liability paths.

The adopted analysis also treated disputed post-contact movement as resistance supporting the arrest and force. Dkt. 26 at 8–10 (App. 6–8). Exhibit A separates Markham's arrest command, Plaintiff's submission, first physical contact, the obstructed interval, and the officers' continued restraint. The supporting brief explains why those allegations require Plaintiff-favorable pleading inferences and a claim-specific immunity analysis.

Plaintiff requests full leave and that Exhibit A be deemed filed under Local Civil Rule 15.1(b). Alternatively, he requests leave for each proposed claim, Defendant, and municipal path the Court finds nonfutile. For each denied claim, he requests identification of the deficient element or immunity prong. For a plausibly pleaded claim against an unidentified jail employee, he requests focused City or custodian discovery concerning identity, role, notice of this action, substitution, and service. He requests a Defendant-specific ruling on amendment and limitations and a court-set substitution and service period. Those questions should not delay relief for other severable claims. Any court-directed omission from a conformed complaint should reflect the Court's ruling rather than voluntary abandonment.

If a proposed defect is curable, Plaintiff requests identification of the affected claim and missing element and leave for one conformed amendment. For a genuinely new ground raised by the Court, he requests notice and an opportunity to respond. If leave is denied, he requests the allegations considered and governing authority for each denial, with dismissal without prejudice where appropriate and supported.

Plaintiff submits the supporting brief, Exhibit A, a proposed order, and a supporting appendix.

**Certificate of Conference**

On September 2, 2026, Plaintiff conferred by email with Saul Pedregon about reopening the judgment, full or partial leave to amend, and claim-specific rulings. Pedregon responded that the City Defendants oppose the motion because they believe the judgment contains no error of law or fact and was correctly decided. The parties could not agree for that reason.

Respectfully submitted,

**/s/ Dale Lotts**

**Dale Lotts, pro se**

401 E. 8th Street, Suite 214, PMB 7860

Sioux Falls, South Dakota 57103

Telephone: (612) 208-9601

Email: dale.lotts@policeconduct.org

**Certificate of Service**

I certify that on September 9, 2026, I served this document through the Court's electronic filing system on all counsel of record.

**/s/ Dale Lotts**