**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| DALE LOTTS,<br>Plaintiff,<br>v.<br>JAMES MARKHAM, et al.,<br>Defendants. | **Civil Action No. 3:25-CV-03329-S-BN** |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER OR VACATE THE JUDGMENT AND FOR LEAVE TO FILE THE PROPOSED FIRST AMENDED COMPLAINT**

**Use of Generative Artificial Intelligence**

Generative artificial intelligence was used to assist in preparing this brief.

**TABLE OF CONTENTS**


Use of Generative Artificial Intelligence....................1
I. Requested relief and ground....................4
II. Plaintiff requested amendment before judgment and followed the prescribed cure procedure. ....................4
III. Rule 59(e), Rule 15(a), and Rule 12 supply the governing sequence....................5
IV. The record supports reopening for the proposed amendment....................6
  A. The preserved cure showing answers the amendment grounds....................6
  B. Exhibit A supplies a complete claim-specific proffer....................8
  C. The arrest and force sequence defeats the recording-based blanket futility determination. ....................15
  D. The later jail restrictions and municipal operating rule require their own analysis....................16
V. Identification and amendment questions should receive Defendant-specific rulings....................17
VI. Relief requested....................19
Certificate of Service....................20

## TABLE OF AUTHORITIES

### Cases

Balle v. Nueces County, 952 F.3d 552, 556–58 (5th Cir. 2017)....18
Calhoun v. Collier, 78 F.4th 846, 854–56 (5th Cir. 2023)....5
Farmers Texas County Mutual Insurance Co. v. 1st Choice Accident & Injury, L.L.C., 168 F.4th 271 (5th Cir. 2026)....4, 6
Foman v. Davis, 371 U.S. 178, 182 (1962)....6
Groden v. City of Dallas, 826 F.3d 280, 284–86 (5th Cir. 2016)....17
Hanks v. Rogers, 853 F.3d 738, 744–49 (5th Cir. 2017)....16
Harmon v. City of Arlington, 16 F.4th 1159, 1162–63 (5th Cir. 2021)....6, 16
Peña v. City of Rio Grande City, 879 F.3d 613, 618 (5th Cir. 2018)....6, 17
Scott v. U.S. Bank National Ass'n, 16 F.4th 1204, 1208–09 (5th Cir. 2021)....4, 5, 6, 7
Trammell v. Fruge, 868 F.3d 332, 340–43 (5th Cir. 2017)....16
Trevino v. City of Fort Worth, 944 F.3d 567, 570 (5th Cir. 2019)....5

### Rules

Fed. R. Civ. P. 12....4, 5, 6, 7
Fed. R. Civ. P. 15....4, 5, 6, 18, 19
Fed. R. Civ. P. 4....19
Fed. R. Civ. P. 59....5
N.D. Tex. L. Civ. R. 15.1(b)....19

**I. Requested relief and ground**

Plaintiff asks the Court to reopen its August 12, 2026 judgment and grant leave to file Exhibit A. Dkt. 30 (App. 27). He seeks correction of manifest legal error in denying his preserved amendment request through a blanket futility determination. He requested leave before judgment, supplied the cure explanation the recommendation invited, and now supplies the complete proposed pleading. Dkt. 15 at 28 (App. 3); Dkt. 16 at 27 (App. 4); Dkt. 26 at 27–28 (App. 19–20); Dkt. 28 at 8–9 (App. 21–22); Dkt. 28-1 at 29–31 (App. 23–25).

The Rule 15 considerations govern this request to reopen for amendment. Futility requires a Rule 12 assessment of the proposed facts. *Farmers Texas County Mutual Insurance Co. v. 1st Choice Accident & Injury, L.L.C.*, 168 F.4th 271 (5th Cir. 2026), No. 24-20275, slip op. at 5–6; *Scott v. U.S. Bank National Ass'n*, 16 F.4th 1204, 1208–09 (5th Cir. 2021). Exhibit A supplies distinct claims that the recommendation's recording-based best-case inference does not foreclose. The Court should grant full leave or grant every nonfutile claim and identify the reason for each denial.

**II. Plaintiff requested amendment before judgment and followed the prescribed cure procedure.**

The briefing order required February 12, 2026 responses and stated: "No supplemental pleadings, briefs, or evidence or other documents may be filed in connection with the motions or the responses thereto without leave of court." Dkt. 12 at 2 (App. 2). Both responses requested leave under Rule 15(a)(2). Dkt. 15 at 28 (App. 3); Dkt. 16 at 27 (App. 4).

On July 24, the recommendation inferred that Plaintiff likely had stated his best case because the Court had reviewed the recordings. It called the remaining allegations "equally defective and not curable." Dkt. 26 at 27 (App. 19). It nevertheless recommended dismissal with prejudice only "unless Plaintiff Dale Lotts shows through timely objections a basis to amend the

complaint to allege a plausible claim.” Id. at 28 (App. 20). It quoted *Scott's* rule permitting a copy of the proposed pleading or an explanation of the cures. Id. at 27 (App. 19).

Plaintiff’s August 7 objections explained the proposed cures and requested: “if the Court prefers a complete pleading for the futility test, he requests leave to lodge one within thirty days.” Dkt. 28-1 at 29 (App. 23). Dkt. 28 at 8–9 (App. 21–22); Dkt. 28-1 at 29–31 (App. 23–25). The objections specifically addressed the arrest sequence, obstructed force interval, and four municipal paths. Dkt. 28-1 at 6, 8–11, 13–15, 19–25 (App. 42–56). They also challenged treating punitive jail restrictions as a claim merely about booking questions. Id. at 25 (App. 56).

On August 12, the Court reviewed the objected-to portions de novo and the remainder for plain error. It found no error, adopted the recommendation, and dismissed the action with prejudice. Dkts. 29–30 (App. 26–27). Judgment implicitly denied the lodging request. Exhibit A supplies the complete proposed pleading for that request.

**III. Rule 59(e), Rule 15(a), and Rule 12 supply the governing sequence.**

Rule 59(e) permits correction of a manifest error of law or fact. It does not permit rehashing evidence or arguments that could have been raised before judgment. *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019). Plaintiff seeks correction of the amendment denial and the adopted treatment of disputed recording inferences. Exhibit A is a complete amendment proffer, not newly discovered evidence.

A final judgment must be reopened before an amended complaint may proceed. When reopening is sought for amendment, Rule 15(a)'s considerations govern the Rule 59(e) request. *Calhoun v. Collier*, 78 F.4th 846, 854–56 (5th Cir. 2023), No. 22-50634, slip op. at 8–11. *Calhoun* applied that rule after summary judgment and directed docketing of a proposed pleading that was not necessarily futile. Id. at 10–11.

Under Rule 15(a)(2), leave should be freely given when justice requires. Relevant reasons for denial include undue delay, bad faith, repeated failure to cure, undue prejudice, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). *Farmers* applies those considerations after judgment. It also permits affirmance where the record supplies ample and obvious grounds for denial despite an inadequate explanation or an incorrect stated standard. Slip op. at 5–10. Plaintiff therefore addresses the record grounds as well as the adopted reasoning.

Futility uses the Rule 12(b)(6) standard. The Court accepts well-pleaded facts and asks whether they support a plausible claim. *Scott*, 16 F.4th at 1208–09; *Peña v. City of Rio Grande City*, 879 F.3d 613, 618 (5th Cir. 2018). An incorporated recording displaces an allegation only when it blatantly contradicts that allegation. *Harmon v. City of Arlington*, 16 F.4th 1159, 1162–63 (5th Cir. 2021). The inquiry also includes each individual Defendant's asserted right, own conduct, relevant-time knowledge, and particularized pre-event fair warning.

**IV. The record supports reopening for the proposed amendment.**

**A. The preserved cure showing answers the amendment grounds.**

Defendants filed their dismissal motions on January 9, 2026. Plaintiff filed both responses requesting leave on February 12, thirty-four days later and before the July 24 recommendation. Dkts. 9–10, 15–16; Dkt. 15 at 28 (App. 3); Dkt. 16 at 27 (App. 4). After the recommendation invited a cure showing through objections, Plaintiff supplied that showing on August 7 and requested thirty days to lodge a complete pleading. Dkt. 26 at 27–28 (App. 19–20); Dkt. 28-1 at 29 (App. 23). The Court entered judgment five days later. Dkts. 29–30 (App. 26–27).

That sequence differs from *Farmers*. There, the plaintiff stood on its pleading while dismissal motions remained pending, first sought leave after judgment, and requested still more

time to produce a proposed complaint. Slip op. at 11–14. Here, the pre-judgment requests and concrete objection-stage cures show a continuing effort to amend through the prescribed process. Dkt. 28-1 at 6, 8–11, 13–15, 19–25, 29–31 (App. 23–25, 42–56). Plaintiff has not previously amended. Id. at 30 (App. 24). There has been no repeated failure to cure through previously allowed amendments.

*Scott* requires notice of the proposed changes and how they cure the defects. It affirmed denial of a bare contingent request that supplied neither a proposed complaint nor an explanation. 16 F.4th at 1209. Plaintiff supplied that explanation after Dkt. 26 expressly invited it. Dkt. 28-1 at 29 (App. 23). The Court may now test the complete allegations rather than speculate about a future amendment.

Exhibit A develops the encounter, detention, and municipal mechanisms addressed in the pre-judgment amendment showing. The underlying events predate judgment. The request rests on the preserved amendment sequence and the proposed cures. Requiring Defendants to answer the proposed complaint or present claim-specific defenses is the ordinary consequence of amendment. The dated requests, first-amendment posture, and supplied pleading support leave rather than findings of bad faith, repeated failure to cure, or undue prejudice.

The recommendation's best-case inference rested on video that depicted only part of the events. It extended that inference to the remaining claims by calling them equally incurable. Dkt. 26 at 27 (App. 19). Plaintiff specifically challenged that extension before judgment. Dkt. 28-1 at 29–30 (App. 23–24). The error matters because the proposed pleading supplies actor-specific facts and municipal mechanisms outside the recording. Rule 12 must test those facts under their governing standards.

**B. Exhibit A supplies a complete claim-specific proffer.**

The following crosswalk accounts for each retained individual claim and each of the four municipal paths. Exhibit A is the pleading to be tested. Its claim sections state the conduct, inference, injury, causation, and authority asserted for each Defendant.

| **Count and Defendant** | **Adopted ruling** | **Exhibit A response** | **Requested ruling** |
|---|---|---|---|
| 1: Markham | Probable cause from alleged resistance, with an alternative fair-warning ruling. Dkt. 26 at 7–8, 14 (App. 5–6, 9). | ¶¶ 26–31, 84–91 separate the command, submission and contact, apply each proposed offense, and address Markham's knowledge. | Grant leave or identify the deficient element or immunity prong. |
| 1: Hammett | Same probable-cause and immunity disposition. App. 5–6, 9. | ¶¶ 21–31, 92–96 address Hammett's own observations and joinder. | Grant leave or identify the deficient element or immunity prong. |

| Count and Defendant | Adopted ruling | Exhibit A response | Requested ruling |
|---|---|---|---|
| 1: Lewis | Collective officer disposition. App. 5–6, 9. | ¶¶ 40–45, 97–101 address the information conveyed before Lewis's own command and escort. | Grant leave or identify the deficient element or immunity prong. |
| 2: Markham | Probable cause defeated retaliation, with alternative immunity. Dkt. 26 at 8, 14 (App. 6, 9). | ¶¶ 12–30, 40–43, 102–106 plead speech knowledge, timing, custody choice, causation and fair warning. | Grant leave or identify the deficient element or immunity prong. |
| 2: Hammett | Same retaliation and immunity disposition. App. 6, 9. | ¶¶ 21–30, 40–44, 107–110 address Hammett's speech knowledge and participation. | Grant leave or identify the deficient element or immunity prong. |

| **Count and Defendant** | **Adopted ruling** | **Exhibit A response** | **Requested ruling** |
|---|---|---|---|
| 2: Lewis | Collective officer disposition. App. 6, 9. | ¶¶ 40–45, 111–114 address his affirmative continuation after the recorded custody choice. | Grant leave or identify the deficient element or immunity prong. |
| 3: Markham | Force deemed reasonable based on resistance and the brief struggle, with alternative immunity. Dkt. 26 at 8–10, 14 (App. 6–9). | ¶¶ 26–37, 115–119 plead his contact, continued restraint, injury and particularized authority. | Grant leave or identify the deficient element or immunity prong. |
| 3: Hammett | Same force and immunity disposition. App. 6–9. | ¶¶ 21–37, 120–123 identify his own force, continued restraint, injury and authority. | Grant leave or identify the deficient element or immunity prong. |

| **Count and Defendant** | **Adopted ruling** | **Exhibit A response** | **Requested ruling** |
|---|---|---|---|
| 4: Markham | Conclusory agreement and no underlying violation, with alternative immunity. Dkt. 26 at 10, 14 (App. 8–9). | ¶¶ 124–128, 133 identify the inferred shared objective, implementation and underlying rights. | Grant leave or identify the deficient element or immunity prong. |
| 4: Hammett | Same conspiracy and immunity disposition. App. 8–9. | ¶¶ 124, 129–133 identify his contribution to the alleged agreement and its implementation. | Grant leave or identify the deficient element or immunity prong. |
| 6: Officer believed to be Bermudez | Collective jail dismissal based on booking and suicide-prevention reasoning. Dkt. 26 at 23–28 (App. 15–20). | ¶¶ 50–55, 134–139 distinguish his express condition and alleged propagation from later restrictions. | Grant leave or identify the deficient element or immunity prong. |

| **Count and Defendant** | **Adopted ruling** | **Exhibit A response** | **Requested ruling** |
|---|---|---|---|
| 6: Doe 1 | Same collective jail ruling. App. 15–20. | ¶¶ 53–55, 140–143 address consultation, knowledge and participation in the announced condition. | Grant leave or identify the deficient element or immunity prong. |
| 6: Doe 2 | Same collective jail ruling. App. 15–20. | ¶¶ 52–55, 144–147 identify the recorded exchange and her restraint command. | Grant leave or identify the deficient element or immunity prong. |
| 6: Doe 3 | Same collective jail ruling. App. 15–20. | ¶¶ 57–65, 148–151 address the express telephone condition, its duration, knowledge and injury. | Grant leave or identify the deficient element or immunity prong. |

| Count and Defendant | Adopted ruling | Exhibit A response | Requested ruling |
|---|---|---|---|
| 6: Doe 7 | Same collective jail ruling. App. 15–20. | ¶¶ 57–65, 152–155 separate withholding, later item delivery and recognition, responsible role and injury. | Grant leave or identify the deficient element or immunity prong. |
| 6: Doe 8 | Collective jail ruling without an individualized magistration analysis. App. 15–20. | ¶¶ 71–75, 156–159 address the separate magistrate sequence and attributable restriction. | Grant leave or identify the deficient element or immunity prong. |
| 7: Doe 5 | Sanitation was not separately addressed in Dkt. 26. | ¶¶ 69–70, 160–164 plead the request, response, available supplies, resulting deprivation and fair warning. | Grant leave or identify the deficient element or immunity prong. |

| **Count and Defendant** | **Adopted ruling** | **Exhibit A response** | **Requested ruling** |
|---|---|---|---|
| 8: City: M-01 | Policy, municipal knowledge, moving force and underlying violation found insufficient. Dkt. 26 at 18–22 (App. 10–14). | ¶¶ 76–81, 165–182 address unsupported-element PI arrests and the connected report, review, prosecution and disposition mechanism. | Grant leave or identify the deficient municipal element or component. |
| 8: City: M-02 | Same municipal disposition. App. 10–14. | ¶¶ 165–173, 183–189 identify the specific training deficiency, field-training premises, notice and causal mechanism. | Grant leave or identify the deficient municipal element or component. |
| 8: City: M-03 | Same municipal disposition, including ratification discussion. App. 10–14. | ¶¶ 165–173, 190–196 distinguish evidence of the existing supervision and review practice from subsequent causal use. | Grant leave or identify the deficient municipal element or component. |

| Count and Defendant | Adopted ruling | Exhibit A response | Requested ruling |
|---|---|---|---|
| 8: City: M-10 | Same municipal and collective jail disposition. App. 10–20. | ¶¶ 51–65, 165–171, 197–206 plead the answer-before-access operating rule, attribution and resulting restrictions. | Grant leave or identify the deficient municipal element or component. |

**C. The arrest and force sequence defeats the recording-based blanket futility determination.**

The recommendation found probable cause for resisting arrest from disregarded commands, a raised arm, movement toward an officer, and an asserted pull during cuffing. It used that probable cause to reject retaliation and the asserted resistance to reject excessive force. Dkt. 26 at 8–10 (App. 6–8). Plaintiff preserved his objection that later alleged movement could not retroactively justify an earlier seizure and that the obstructed interval did not resolve whether resistance occurred. Dkt. 28-1 at 6, 8–11, 13–15 (App. 42–49).

Exhibit A separates the events. Markham gave his arrest command at about 06:36. Plaintiff moved his left hand behind his back on hearing the second command, while his right hand retained the phone. First physical contact followed at about 06:45. The ensuing interval was obstructed. Ex. A ¶¶ 26–37. The pleading states Plaintiff's firsthand account, identifies what the recordings depict, and attributes the officers' contrary assertions. Id. ¶¶ 26–37, 46–47, 76–77.

Those allegations require two separate inquiries. The Court must assess each officer's known offense facts at that officer's challenged seizure. It must also assess the force against the need at that stage, taking the uncontradicted allegations in Plaintiff's favor. Ex. A ¶¶ 84–101, 115

–123. An incomplete view cannot establish the asserted intentional resistance merely because it permits Defendants' interpretation. *Harmon*, 16 F.4th at 1162–63.

The proposed force claims add the particular acts, continued arm restraint, resulting pain and bruising, and each officer's opportunity to perceive Plaintiff's conduct. Ex. A ¶¶ 29–37, 116–123. They apply the pre-event factual comparisons in *Hanks v. Rogers*, 853 F.3d 738, 744–49 (5th Cir. 2017), and *Trammell v. Fruge*, 868 F.3d 332, 340–43 (5th Cir. 2017). Ex. A ¶¶ 118–123. That responds to the recommendation's separate finding that Plaintiff supplied no particularized fair-warning analysis. Dkt. 26 at 14 (App. 9).

This showing performs a postjudgment function. It identifies the preserved recording error, supplies the proposed cure, and demonstrates why futility cannot justify denying every claim. The Court should grant leave on these claims or identify the act, element, or immunity prong that remains deficient.

**D. The later jail restrictions and municipal operating rule require their own analysis.**

The recommendation addressed routine booking questions and the duty to prevent suicide. It concluded that Plaintiff alleged no constitutional violation grounded on his failure to cooperate in booking. Dkt. 26 at 25–26 (App. 17–18). The proposed pleading alleges deliberate punishment through particular restrictions, with a separate actor and causal account for each. Ex. A ¶¶ 134–164. Plaintiff presented that distinction before judgment. Dkt. 28-1 at 25 (App. 56).

The recorded suicide-related exchange and its safety-clearance endpoint occupy a limited intake interval. The later telephone restriction, item deprivation, magistrate sequence, and sanitation response have separate facts and endpoints. Ex. A ¶¶ 50–75. The telephone condition was express. The item connection rests on the pleaded sequence and comparative treatment, with

later recognition and distinct deliveries. Id. ¶¶ 57–65, 148–155. Applying one intake interval to the entire course would fail to test the proposed allegations.

M-10 likewise alleges an operating rule through its stated content and coordinated implementation. Employees repeatedly conditioned telephone access on answers and completion of booking. The ordinary-item connection rests on the separately pleaded sequence and inference. Ex. A ¶¶ 57–65, 197–206. The City claim identifies the rule's asserted municipal attribution and the restrictions it caused. The inference must be assessed from those facts, with the policy route separated from a custom theory requiring its own persistence and knowledge analysis. *Peña*, 879 F.3d at 621–23; *Groden v. City of Dallas*, 826 F.3d 280, 284–86 (5th Cir. 2016).

The other three City paths identify distinct arrest, training, supervision, and review mechanisms. Ex. A ¶¶ 165–196. Report approval serves as evidence of the asserted review practice, while its later causal use must be matched to the injury claimed. The Court should assess each path's pleaded attribution and causal connection rather than extend the street-video best-case inference to all municipal claims. Plaintiff requests leave or a path-specific ruling identifying any remaining deficiency.

**V. Identification and amendment questions should receive Defendant-specific rulings.**

Exhibit A identifies unknown jail employees by the acts attributed to their roles. It requests discovery concerning identity, role, notice of this action, substitution, and service. Ex. A ¶¶ 7, 207–209. Plaintiff seeks a ruling on the sufficiency of each pleaded act. Focused record development can then resolve that employee's amendment and service questions.

Plaintiff requested the jail records, calls, and recordings on December 5, 2023. Irving's December 11 response acknowledged that request and stated that it was withholding jail records,

calls, and recordings while the criminal matter was pending. App. 32. Plaintiff submitted another recording request on July 16, 2025. Irving's September 26 notice stated that the request had been processed and that the recordings would be sent separately through evidence.com. App. 33.

On March 25, 2026, Plaintiff requested the names of the jail, booking, intake, detention, and custody-transfer personnel who handled him. Irving acknowledged that request and sought to withhold responsive material because this action was pending. App. 35–36. The Attorney General permitted withholding of the remaining submitted information other than basic information under § 552.103. App. 37–38. The City had already identified the unnamed jail employees' due-process claim and sought its dismissal on the merits in its January 9 motion. Dkt. 9 at 6 (App. 28). These documented efforts and the City's treatment of the Doe claim support focused identification and notice discovery and a period for substitution and service.

Rule 15(c)(1)(C) requires timely lawsuit notice and a qualifying mistake concerning identity. Balle denied relation back because inability to identify Doe defendants was not such a mistake. *Balle v. Nueces County*, 952 F.3d 552, 556–58 (5th Cir. 2017). Exhibit A distinguishes ordinary video availability and review, later enlarged-frame surname recognition, and the still-unconfirmed match. Ex. A ¶¶ 207–208. Plaintiff seeks a separate determination for each intended employee on those facts and the employee's actual lawsuit-notice circumstances. Plaintiff requests development of actual or properly imputed notice of this lawsuit, separately from knowledge of the underlying events. The Court can then decide the amendment issue on the record applicable to that employee.

For each plausibly pleaded unknown-employee claim, Plaintiff requests the following discovery from the City or appropriate records custodian:

1. Rosters, assignments, and records sufficient to identify the employee responsible for the specified act.
2. Relevant intake, booking, intercom, telephone, property, cell-access, and magistration records sufficient to match the act to the employee.
3. Nonprivileged records sufficient to establish when and how the intended employee first received notice of this action.
4. Nonprivileged information sufficient to permit service after substitution, using an appropriate confidential procedure for a service address.

These requests concern identity and the amendment and service predicates. Each request should reach the pertinent records in the recipient's possession, custody, or control. It should end when the custodian supplies the requested information. Plaintiff requests a court-set period to move for substitution and serve any permitted individual, including an extension under Rule 4(m).

Those questions are severable from amendment concerning the named Defendants and the City. The Court should grant each nonfutile claim and decide any remaining limitations, amendment, or service issue for the affected Defendant. Any omitted claim in a court-directed conformed pleading should reflect the ruling and preserve Plaintiff's request for relief.

**VI. Relief requested**

Plaintiff requests that the Court vacate or alter Dkt. 30, reopen the action, and grant leave and deem Exhibit A filed under Local Civil Rule 15.1(b). Alternatively, he requests leave for every nonfutile claim and a ruling identifying each denied claim, Defendant, deficient element, immunity prong, or municipal component. For each plausibly pleaded unknown-employee claim, he requests the focused discovery and substitution and service schedule described above.

If a proposed defect is curable, Plaintiff requests identification of the affected claim and missing element and leave for one conformed amendment. For a genuinely new ground raised by the Court, he requests notice and an opportunity to respond. If leave is denied, he requests the allegations considered and governing authority for each denial, with dismissal without prejudice where appropriate and supported.

Respectfully submitted,

**/s/ Dale Lotts**

**Dale Lotts, pro se**

401 E. 8th Street, Suite 214, PMB 7860

Sioux Falls, South Dakota 57103

Telephone: (612) 208-9601

Email: dale.lotts@policeconduct.org

**Certificate of Service**

I certify that on September 9, 2026, I served this document through the Court's electronic filing system on all counsel of record.

**/s/ Dale Lotts**