**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DALE LOTTS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **CIVIL ACTION NO. 3:25-CV-03329-S-BN** |
| **VS.** | § | |
| | § | **ECF** |
| | § | |
| **CITY OF IRVING, OFFICER JAMES MARKHAM, OFFICER ANDREW HAMMETT, OFFICER PAUL LEWIS, and JOHN DOE JAIL OFFICERS 1-10** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS CITY OF IRVING, JAMES MARKHAM, ANDREW HAMMETT, AND PAUL LEWIS' RESPONSE TO PLAINTIFF'S MOTION TO ALTER OR VACATE THE JUDGMENT AND FOR LEAVE TO FILE THE PROPOSED FIRST AMENDED COMPLAINT**

Respectfully submitted,

**CITY ATTORNEY'S OFFICE**
**CITY OF IRVING, TEXAS**

By: /s/Saul Pedregon________________
**SAUL PEDREGON**
Senior Assistant City Attorney
State Bar No. 00797231
Email: spedregon@IrvingTX.gov
**JASON D. McCLAIN**
Senior Assistant City Attorney
State Bar No. 00797032
Email: jmcclain@IrvingTX.gov
825 West Irving Boulevard
Irving, Texas 75060
Telephone: 972.721.2541
Facsimile: 972.721.2750

**ATTORNEYS FOR DEFENDANTS CITY OF IRVING, JAMES MARKHAM, ANDREW HAMMETT, and PAUL LEWIS**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2026, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following parties or attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Dale Lotts
401 E. 8th St.
Ste. 214 PMB 7860
Sioux Falls, SD 57103

/s/Saul Pedregon_____________
**SAUL PEDREGON**
Assistant City Attorney

# TABLE OF CONTENTS

Table of Contents ........................................ i

Table of Authorities ........................................ ii

I. Relevant Procedural History ........................................ 2

II. Motion to Alter or Vacate the Judgment Should Be Denied ........................................ 2

  A. Standard for Relief under Rule 59(e) ........................................ 3

  B. Plaintiff Fails to Demonstrate Any Factor Necessary for Relief Under Rule 59(e)........ 5

III. Motion for Leave To Amend The Complaint Should Be Denied........................................ 7

  A. Standard for Relief Under Rule 15(a) ........................................ 7

  B. Plaintiff Fails to Demonstrate Any Factor Necessary for Relief Under Rule 15(a)........ 9

PRAYER........................................ 20

## TABLE OF AUTHORITIES

***Cases***

*Alvarado v. Tex. Rangers*,
No. EP-03-CA-0305-FM, 2005 WL 1420846 at *2 (W.D. Tex. Jun. 14, 2005) ........................ 3

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) ........................ 18

*Backe v. LeBlanc*,
691 F.3d 645 (2012) ........................ 19

*Balle v. Nueces Cnty., Tex.*,
952 F.3d 552 (5th Cir. 2017) ........................ 17

*Briddle v. Scott*,
63 F.3d 364 (5th Cir. 1995) ........................ 9

*Carroll v. Fort James Corp.*,
470 F.3d 1171 (5th Cir. 2006) ........................ 12

*Carswell v. Camp*,
54 F.4th 307 (5th Cir. 2022) ........................ 19

*Christianson v. Colt Indus. Operating Corp.*,
486 U.S. 800 (1988) ........................ 4

*Dussouy v. Gulf Coast Inv. Corp.*,
660 F.2d 594 (5th Cir. 1981) ........................ 7

*Edward H. Bohlin Co. v. Banning Co.*,
6 F.3d 350 (5th Cir. 1993) ........................ 4

*Farmers Texas Cnty. Mut. Ins. Co. v. 1st Choice Accident & Inj., L.L.C.*,
168 F.4th 271 (5th Cir. 2026) ........................ 9, 10, 11

*Foman v. Davis*,
371 U.S. 178 (1962) ........................ 8

*Franklin v. State Farm Ins. Co.*,
No. 23-30583, 2024 WL 3355357, at *3 (5th Cir. July 10, 2024) ........................ 9

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*,
313 F.3d 305 (5th Cir. 2002) ........................ 12

*Gregory v. Mitchell*,
634 F.2d 199 (5th Cir.1981) ........................ 8

*Guevara v. United States*,
No. 3:20-CV-0022-D, 2020 WL 1529005, at *4 (N.D. Tex. Mar. 31, 2020)........................... 20

*Helton v. Clements*,
787 F.2d 1016 (5th Cir. 1986) ........................................................................................ 19

*Henrise v. Horvath*,
174 F.Supp.2d 493 n. 6 (N.D. Tex. 2001), aff'd in part,
No. 01-10649, 2002 WL 1860556 (5th Cir. June 28, 2002)...................................................... 18

*Humphreys v. City of Ganado, Tex.*,
467 Fed. Appx. 252, 255 (5th Cir. 2012)................................................................................ 15

*In re Enron Corporation Securities, Derivative, & "ERISA" Litigation*,
No. MDL-1446, 2011 WL 3489599, at *5 (S.D. Tex. Aug. 9, 2011) ....................................... 6

*In re Southmark Corp.*,
88 F.3d 311 (5th Cir. 1996) ............................................................................................ 10

*In re Young*,
No. 08-41515, 2009 WL 2855766, at *4 (Bankr. E.D. Tex. Sept. 2, 2009) .............................. 6

*Jackson v. City of Hearne*,
959 F.3d 194 (5th Cir. 2020) .......................................................................................... 19

*Jacobsen v. Osbourne*,
133 F.3d 315 (5th Cir. 1998) ...................................................................................... 17, 20

*Jenkins v. Tahmahkera*,
151 F.4th 739 (5th Cir. 2025) ........................................................................................ 17

*Jones v. Stephens*,
998 F. Supp. 2d 529 (N.D. Tex. 2014) ................................................................................ 4

*Lewis v. Fresne*,
252 F.3d 352 (5th Cir. 2001) ............................................................................................ 9

*Liebbe v. Dallas Indep. Sch. Dist.*,
No. 3:16-CV-2413-S, 2019 WL 10945369, at *2 (N.D. Tex. Apr. 12, 2019)........................... 5

*Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*,
283 F.3d 282 (5th Cir. 2002) ............................................................................................ 8

*Matter of Southmark Corp.*,
88 F.3d 311 (5th Cir. 1996) ............................................................................................ 20

*Navarro v. Preferried Contractors Ins. Co.*,
No. 3:16-CV-1147-S, 2019 WL 7758919, at *1 (N.D. Tex. May 9, 2019)........................... 3, 4

*Norman v. Apache Corp.*,
19 F.3d 1017 (5th Cir. 1994) .......... 8

*Ramirez v. Guadarrama*,
2 F.4th 506 (5th Cir. 2021) .......... 19

*Riddle v. DynCorp. Int'l Inc.*,
773 F. Supp. 2d 647 (N.D. Tex. 2011) .......... 4

*Rosenblatt v. United Way of Greater Houston*,
607 F.3d 413 (5th Cir. 2010) .......... 3, 9, 10, 12

*Rosenzweig v. Azurix Corp.*,
332 F.3d 854 (5th Cir. 2003) .......... 3, 7, 8, 10

*S. Constructors Grp., Inc. v. Dynalectric Co.*,
2 F.3d 606 (5th Cir. 1993) .......... 4

*Schiller v. Physicians Res. Grp. Inc.*,
342 F.3d 563 (5th Cir. 2003) .......... 10

*Scott v. U.S. Bank Nat'l Ass'n*,
16 F.4th 1204 (5th Cir. 2021) .......... 11

*Sexton v. Deutsche Bank Nat'l Tr. Co. for GSAMP Tr. 2007-FM2*,
No. 3:15-CV-2429-K, 2017 WL 5642581, at *1 (N.D. Tex. Jan. 17, 2017) .......... 5

*Shivangi v. Dean Witter Reynolds, Inc.*,
825 F.2d 885 (5th Cir. 1987) .......... 8

*Spiller v. City of Tex. City*,
130 F.3d 162 (5th Cir. 1997) .......... 10

*Stripling v. Jordan Prod. Co., LLC*,
234 F.3d 863 (5th Cir. 2000) .......... 13

*Taylor v. Books a Million Inc.*,
296 F.3d 376 (5th Cir. 2002) .......... 13

*Templet v. HydroChem Inc.*,
367 F.3d 473 (5th Cir. 2004) .......... 3

*USPPS, Ltd. v. Avery Dennison Corp.*,
647 F.3d 274 (5th Cir. 2011) .......... 4

*Vielma v. Eureka Co.*,
218 F.3d 458 (5th Cir. 2000) .......... 9

*Villarreal v. Wells Fargo Bank N.A.*,
814 F.3d 763 (5th Cir. 2016) .......... 13

*Whitaker v. City of Houston*,
963 F.2d 831 (5th Cir. 1992) .......... 11

*Whitt v. Stephens Cnty.*,
529 F.3d 278 (5th Cir. 2008) .......... 17

*Wicks v. Miss. State Emp't Servs.*,
41 F.3d 991 (5th Cir. 1995) .......... 19

***Statutes***

TEX. CIV. PRAC. & REM. CODE § 16.003(a) .......... 15

TEX. GOV'T CODE §§ 552.103 .......... 16

***Rules***

FED. R. CIV. P. 15(a) .......... 6, 10, 11

FED. R. CIV. P. 59(e) .......... 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DALLAS LOTTS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **CIVIL ACTION NO. 3:25-CV-03329-S-BN** |
| **VS.** | § | |
| | § | **ECF** |
| | § | |
| **CITY OF IRVING, OFFICER JAMES MARKHAM, OFFICER ANDREW HAMMETT, OFFICER PAUL LEWIS, and JOHN DOE JAIL OFFICERS 1-10** | § § § § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS CITY OF IRVING, JAMES MARKHAM, ANDREW HAMMETT, AND PAUL LEWIS' RESPONSE TO PLAINTIFF'S MOTION TO ALTER OR VACATE THE JUDGMENT AND FOR LEAVE TO FILE THE PROPOSED FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants City of Irving, James Markham, Andrew Hammett, and Paul Lewis (collectively, the "Defendants") file this Response in opposition to Plaintiff's Motion to Alter or Vacate the Judgment and for Leave to File the Proposed First Amended Complaint [Dkt. 31].

Plaintiff's Motion should be denied because it fails to meet the burdens applicable to requests for reconsideration and leave to amend. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Magistrate's Recommendation") [Dkt. 26] and the Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Order Accepting Recommendation") [Dkt. 29] are supported by applicable law and a clear record before the Court, including bodyworn camera video of the incident made the basis of this suit. [Dkt. 11]. Plaintiff fails to demonstrate any manifest injustice, present

newly discovered evidence, or raise any intervening change in controlling law such that reconsideration of the Magistrate's Recommendation and Order Accepting Recommendation might be warranted. Plaintiff also fails to meet his burden under Fed. R. Civ. P. 15, and leave should be denied due to Plaintiff's undue delay in seeking to amend, his failure to cure the defects in the Original Complaint, and the futility of his proposed amendment.

For these and the other reasons set forth below, Plaintiff's motion should be denied in its entirety and the Court should reaffirm the Magistrate's Recommendation and Order Accepting Recommendation.

## I. RELEVANT PROCEDURAL HISTORY

On July 24, 2026, Judge Horan issued his Magistrate's Recommendation in this case, recommending that Defendants' motions to dismiss be granted in all respects. [Dkt. 26]. Plaintiff filed objections to the Magistrate's Recommendation on August 7, 2026. [Dkt. 28].

On August 12, 2026, this Court entered its order adopting the Magistrate's Recommendation in its entirety [Dkt. 29], and entered a Final Judgment dismissing Plaintiff's claims against Defendants with prejudice on that same date [Dkt. 30].

On September 9, 2026, Plaintiff filed his Motion to Alter or Vacate the Judgment and for Leave to File the Proposed First Amended Complaint. [Dkt. 31].

## II. MOTION TO ALTER OR VACATE THE JUDGMENT SHOULD BE DENIED

In his Motion, Plaintiff argues that this Court's August 12, 2026, order dismissing his lawsuit with prejudice should be altered based on FED. R. CIV. P. 59 because he "seeks correction manifest legal error in denying his preserved amendment request through a blanket futility determination." [Dkt. 31-1, § I]. Plaintiff fails to show that the Court's judgment should be

altered or vacated under Rule 59 because he fails to demonstrate any of the factors required for such relief. Therefore, Plaintiff's Motion to Alter or Vacate the Judgment should be denied.

**A. Standard for Relief under Rule 59(e)**

Rule 59(e) allows a party to move to alter or amend a judgment within 28 days after the entry of the judgment. FED. R. CIV. P. 59(e). The standard of review under Rule 59(e) is well-established. Rule 59(e) allows reconsideration of a final judgment where a party shows a need to: (a) correct a clear error of law or prevent manifest injustice; (b) present newly discovered evidence; or (c) reflect an intervening change in controlling law. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003). A motion for reconsideration under Rule 59(e) is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010) (stating that a motion to alter or amend the judgment under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued."). Rather, it serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *See Navarro v. Preferried Contractors Ins. Co.*, No. 3:16-CV-1147-S, 2019 WL 7758919, at *1 (N.D. Tex. May 9, 2019) (denying motion to reconsider).

A motion to reconsider is not proper to re-litigate matters that have not been resolved to the movant's satisfaction and plaintiff cannot have a second bite at the apple on the same issues that were previously addressed by the parties and the Court. *See Alvarado v. Tex. Rangers*, No. EP-03-CA-0305-FM, 2005 WL 1420846 at *2 (W.D. Tex. Jun. 14, 2005). Reconsideration of a judgment after its entry is "an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479; *see also Rosenblatt*, 607 F.3d 413 at 419. While "[a] court has the power to revisit

prior decisions of its own or of a coordinate court in any circumstance, … as a rule[,] courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *USPPS, Ltd. v. Avery Dennison Corp*., 647 F.3d 274, 282 (5th Cir. 2011), quoting *Christianson v. Colt Indus. Operating Corp*., 486 U.S. 800, 817 (1988); *see also Jones v. Stephens*, 998 F. Supp. 2d 529, 536 (N.D. Tex. 2014) (motion for reconsideration is "an extraordinary remedy that should be used sparingly."); *Riddle v. DynCorp. Int'l Inc*., 773 F. Supp. 2d 647, 649 (N.D. Tex. 2011) ("[T]he Fifth Circuit has observed that Rule 59(e) 'favor[s] the denial of motions to alter or amend a judgment."'), quoting *S. Constructors Grp., Inc. v. Dynalectric Co*., 2 F.3d 606, 611 (5th Cir. 1993). District courts have considerable discretion in determining whether to grant a motion to alter or amend a judgment, but the court's broad discretion must be balanced against the need for finality and justice based on all facts. *Edward H. Bohlin Co. v. Banning Co*., 6 F.3d 350, 356 (5th Cir. 1993).

Plaintiff's Motion should be denied because he cannot carry his burden under Rule 59(e) by establishing a manifest error of law or fact, presenting newly discovered evidence, or an intervening change in controlling law. This is because there was no error, and he presents no new evidence or an intervening change in controlling law. Instead, Plaintiff's Motion amounts to a regurgitation of the same arguments asserted in his Responses [Dkt. 15, 16] to Defendants' Motions to Dismiss [Dkt. 9, 10], which were already considered and rejected by this Court [Dkt. 26, 29]. *See Navarro*, 2019 WL 7758919, at *1 (denying motion to reconsider where "Plaintiffs simply rehash their summary judgment arguments previously rejected by both the Magistrate Judge and this Court."). The Magistrate's Recommendation is well-reasoned and accurately

represents the controlling law on the issues implicated in the instant matter, and the Court was correct in adopting it without alteration.

**B. Plaintiff Fails to Demonstrate Any Factor Necessary for Relief Under Rule 59(e)**

First, Plaintiff makes no effort to argue that an alteration or amendment of the Court's order is necessary due to newly discovered or previously unavailable evidence. Plaintiff has explicitly conceded that he has not brought forth any "newly discovered evidence" [Dkt. 31-1, § III p. 5], and further implicitly concedes that he has failed to bring forth any newly discovered or previously unavailable evidence by asking the Court to allow him to conduct discovery in order to unearth additional facts. [Dkt. 31-1, §V]. He similarly fails to argue that any intervening change in the controlling law justifies the relief he seeks. *See, e.g., Liebbe v. Dallas Indep. Sch. Dist.*, No. 3:16-CV-2413-S, 2019 WL 10945369, at *2 (N.D. Tex. Apr. 12, 2019) (denying reconsideration where plaintiff failed to show an intervening change in controlling law, new evidence not previously available, or the need to correct manifest errors of law or fact); *Sexton v. Deutsche Bank Nat'l Tr. Co. for GSAMP Tr. 2007-FM2*, No. 3:15-CV-2429-K, 2017 WL 5642581, at *1 (N.D. Tex. Jan. 17, 2017) (same). Therefore, relief cannot be granted on these bases.

Second, Plaintiff does not clearly establish a manifest error of fact or law by the Court. At best, Plaintiff disagrees with the Court's determination that the BWC video of the incident made the basis of this suit contradicted his version of events. [Dkt. 31-3, pp. 4-7, 15-16, & 18]. This argument is wholly misplaced, and Plaintiff does not indicate which of the Rule 59(e) grounds this contention purportedly satisfies. Assuming Plaintiff intends to highlight a clear error of law or fact, the argument presumes that the Court committed a "manifest error of law" in determining that the BWC video contradicted his version of events.

Moreover, prior to issuance of the Magistrate's Recommendation, Plaintiff could have sought leave to amend his Original Complaint in light of the deficiencies highlighted by the Defendants' respective 12(b)(6) Motions to Dismiss [Dkt. 9, 10]. *See* FED. R. CIV. P. 15(a)(1)(B) (permitting a party to amend a pleading as a matter of course within 21 days after service of a motion under Rule 12(b)). Plaintiff instead chose to stand on his pleadings and wait for a decision on the Defendants' Motions to Dismiss, conditionally requesting leave from the Court to amend his Complaint if it should be inclined to grant Defendants' Motions[1] and then asking the Court for leave to amend after the issuance of the Magistrate's Recommendation.[2] Having received a decision he does not like, Plaintiff has only now put forward his new Proposed First Amended Complaint in an effort to "undo" that decision. There can be no manifest injustice where Plaintiff seeks relief that he could have obtained on his own. *See In re Enron Corporation Securities, Derivative, & "ERISA" Litigation*, No. MDL-1446, 2011 WL 3489599, at *5 (S.D. Tex. Aug. 9, 2011) (no manifest injustice where party could have avoided the outcome, but instead elected not to act until after final order entered), quoting *In re Young*, No. 08-41515, 2009 WL 2855766, at *4 (Bankr. E.D. Tex. Sept. 2, 2009).

Because the Magistrate's Recommendation and Order Accepting Recommendation are supported by applicable controlling law and the record before the Court - including BWC video of the incident made the basis of this suit - Plaintiff's motion for reconsideration should be denied in its entirety.

---

[1] Moreover, Plaintiff did not attach a proposed Amended Complaint or in any way specify to the Court how he would remedy any pleading deficiencies if allowed to amend his complaint. [Dkt. 15, p. 28; Dkt. 16, p. 27].

[2] In his Specific Objections to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, Plaintiff did not provide the Court with a copy of the amended complaint nor explain how the defects could be cured. [Dkt. 28 ¶ 9].

## III. MOTION FOR LEAVE TO AMEND THE COMPLAINT SHOULD BE DENIED

In his Motion, Plaintiff argues alternatively that he should be allowed to amend his Complaint pursuant to Rule 15. [Dkt. 31-1, p. 1]. Plaintiff's request should be denied based on his undue delay in filing, his failure to cure the defects in the Original Complaint, and as futile.

### A. Standard for Relief Under Rule 15(a)

Plaintiff asserts that he should be allowed to amend his complaint in order to correct the deficiencies in his Original Complaint. *Id*. Plaintiff, however, failed to exercise due diligence in seeking amendment, and the Court should not now permit him to do so.

When a district court dismisses an action and enters a final judgment, as is the case here, a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under Rule 59 or 60. *Rosenzweig v. Azurix Corp*., 332 F.3d 854, 864 (5th Cir. 2003). In certain circumstances, the Fifth Circuit has determined that post-judgment filings (either untimely motions under Rule 15(a) or Rule 59(e)) seeking to permit the amendment of a complaint ought to be construed under the abuse of discretion standard for Rule 15(a) motion. *Id*. citing *Dussouy v. Gulf Coast Inv. Corp*., 660 F.2d 594, 597 (5th Cir. 1981) ("Following *Dussouy*, we review the district court's denial of plaintiffs' 59(e) motion for abuse of discretion, in light of the limited discretion of Rule 15(a)."). Under the Rule 59(e) standard Plaintiff has failed to present new evidence, an intervening change in controlling law, or demonstrated a manifest error of law, as set out above.

Under the Rule 15(a) standard, Plaintiff has also failed to demonstrate that he is entitled to the relief sought. In construing such a motion, the Court may consider such factors as (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by

virtue of allowance of the amendment; and (4) futility of the amendment. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir.1981). Here, each factor militates against granting Plaintiff leave to amend.

The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). Although leave to amend under FED. R. CIV. P. 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to manage its docket. *See Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 891 (5th Cir. 1987). The district court may deny leave to amend if it has a "substantial reason" to do so. *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002). These include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment. ..." *Rosenzweig*, 332 F.3d at 864, citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff's motion for leave to amend his Complaint should be denied because of Plaintiff's undue delay in seeking amendment, because of Plaintiff's failure to cure deficiencies in the proposed amendment, and because the amendment would be futile. Specifically, amendment would be futile based on Plaintiff's failure to plead facts sufficient to overcome the Defendant officer's entitlement to qualified immunity, to identify a City policymaker that was aware of a constitutionally deficient policy or practice, to demonstrate that his John Doe pleading is not barred by statute of limitations, and his tacit admission that the factual allegations as pleaded are insufficient and require discovery[3].

---

[3] *See* Section III(B)(3)(d), *infra*.

### B. Plaintiff Fails to Demonstrate Any Factor Necessary for Relief Under Rule 15(a)

#### 1. Undue Delay in Seeking Amendment

As the Fifth Circuit recently reiterated, "[w]hile FED. R. CIV. P. 15(a) endows a district court with 'virtually unlimited discretion' to allow amendments before entry of judgment, that discretion narrows considerably after entry of judgment." *Farmers Texas Cnty. Mut. Ins. Co. v. 1st Choice Accident & Inj., L.L.C.*, 168 F.4th 271, 281 (5th Cir. 2026), quoting *Vielma v. Eureka Co*., 218 F.3d 458, 468 (5th Cir. 2000). "In cases where a party seeks to amend her complaint after entry of judgment, 'we have consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling.' " *Id*. (quoting *Briddle v. Scott*, 63 F.3d 364, 379 (5th Cir. 1995)). Moreover, the Court has "repeatedly affirmed district courts' decisions to deny requests for leave to amend where there was undue delay, especially when the request came only after the case was dismissed." *Id.* (quoting *Franklin v. State Farm Ins. Co*., No. 23-30583, 2024 WL 3355357, at *3 (5th Cir. July 10, 2024)).

Undue delay justifies a district court's decision to deny leave to amend. *Lewis v. Fresne*, 252 F.3d 352, 360 (5th Cir. 2001). Delay is undue and prejudicial if it hinders the opposing party's ability to respond to the proposed amendment or to prepare for trial, *id*., or imposes unwarranted burdens on the court, *Farmers Texas Cnty. Mut. Ins. Co.*, 168 F.4th at 279.

In *Rosenblatt v. United Way of Greater Houston*, the Fifth Circuit noted:

> [T]throughout the pendency of the motions to dismiss his case, [Plaintiff] urged the sufficiency of his complaint and did not seek leave to amend, despite awareness of its potential deficiencies...[Plaintiff]'s request now to amend, after his case has been dismissed ... 'rings hollow in light of h[is] failure to amend h[is] complaint as a matter of right and h[is] failure to furnish the district court with a proposed amendment' while the motions to dismiss were pending."

*Rosenblatt*, 607 F.3d 413, 420 (5th Cir. 2010), quoting *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997). In denying the plaintiff's motion to amend, the Fifth Circuit noted that "[t]he facts [Plaintiff] seeks to add to his complaint now were available to him previously and he has not shown any reason, other than a misguided attempt at strategy, why he failed to plead them before." *Id.*; *see also Farmers Texas Cnty. Mut. Ins. Co. v. 1st Choice Accident & Inj., L.L.C.*, 168 F.4th 271, 279 (5th Cir. 2026) ("in exercising its discretion to deny leave to amend a complaint, a trial court may properly consider (1) an 'unexplained delay' ... and (2) whether the facts underlying the amended complaint were known to the party when the original complaint was filed."), quoting *In re Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996).

Similarly, the plaintiffs in *Rosenzweig* admitted that they deliberately chose to delay amending their complaint and did not raise any facts which were not available prior to the district court's opinion. *Rosenzweig*, 332 F.3d at 865. The Fifth Circuit determined this showed Plaintiff's failure to exercise diligence, and denied their motion for leave to amend. *Id. See also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) ("for more than a year before the district court's dismissal with prejudice, [Plaintiff] had the opportunity to seek leave to amend its complaint.")

Here, too, Plaintiff could have amended his Complaint after being put on notice of the potential deficiencies in his Original Complaint highlighted by the Defendants' respective 12(b)(6) Motions to Dismiss [Dkt. 9, 10]. *See* FED. R. CIV. P. 15(a)(1)(B) (permitting a party to amend a pleading as a matter of course within 21 days after service of a motion under Rule 12(b)). Rather than amend as a matter of course, Plaintiff chose to stand on his pleadings and only requested leave from the Court to amend his Complaint should it be inclined to grant

Defendants' Motions to Dismiss [Dkt. 15, p. 28; Dkt. 16, p. 27],[4] and then after the Magistrate's Recommendation [Dkt. 28 ¶ 9]. In both cases, Plaintiff failed to provide a copy of the amended complaint or explain how the defects could be cured. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave."). For whatever reason - strategic or otherwise - Plaintiff did not amend the Complaint despite being provided with the clear opportunity to do so.

Plaintiff's leave to amend should be denied because he "never sought leave to amend [his] complaint but instead stood by its sufficiency" "during which [Defendants'] dismissal motion[s] [were] pending before the district court." *Farmers Texas Cnty. Mut. Ins. Co.*, 168 F.4th 271 at 280, quoting *Whitaker v. City of Houston*, 963 F.2d 831, 837 (5th Cir. 1992).

In this case, Defendants filed their respective Motions to Dismiss on January 9, 2026. [Dkt. 9, 10]. Plaintiff filed his Responses to Defendants' Motions on February 12, 2026, some 34 days later. [Dkt. 15, 16]. Both Responses included a conclusory request for leave to amend in the Prayer of the document that did not detail any of the facts that would be included in an amended complaint or attach a copy of a proposed amended complaint. [Dkt. 15, p. 28; Dkt. 16, p. 27]. On July 24, 2026, Judge Horan issued his Findings, Conclusions, and Recommendation of the United States Magistrate Judge recommending dismissal of Plaintiff's causes of action against Defendants. [Dkt. 26]. On August 12, 2026, this Court issued its Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge [Dkt. 29], and a Judgment dismissing Plaintiff's claims with prejudice [Dkt. 30]. Plaintiff filed the instant Motion on September 9, 2026, some 28 days after issuance of the Judgment. [Dkt. 31]. Defendants' Motions to Dismiss were pending for approximately 7 months before the Court issued a ruling

[4] "In the alternative, grant leave to amend under Fed. R. Civ. P. 15(a)(2)." *Id.*

on the Motions, during which time Plaintiff could have amended as a matter of course or requested leave of court to amend. As the court in *Rosenblatt* noted, Plaintiff's request now to amend after his case has been dismissed rings hollow in light of his failure to amend his complaint as a matter of right and his failure to furnish the district court with a proposed amendment while the motions to dismiss were pending. *Rosenblatt*, 607 F.3d at 420.

Finally, the facts that Plaintiff now seeks to add to via his Proposed First Amended Complaint were available to him previously and he has not shown any reason why he failed to plead them before. *See* Section III(B)(3)(c), *infra.* The Court should deny his request to amend based on undue delay.

**2. Failure to Cure the Original Complaint's Deficiencies**

Leave to amend can be properly denied where there is a valid justification, which includes the plaintiff's failure to cure deficiencies in the proposed complaint. *Carroll v. Fort James Corp*., 470 F.3d 1171, 1175 (5th Cir. 2006). Courts do not generally grant leave to amend when the complaint contains "incurable defects." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th Cir. 2002).

The Proposed First Amended Complaint contains "incurable defects" because it contains all of the claims that this Court has already dismissed with prejudice. Specifically, Plaintiff's Proposed First Amended Complaint [Dkt. 31-3] contains allegations regarding various violations of the U.S. Constitution under 42 U.S.C. § 1983, conspiracy, and *Monell* liability that were previously alleged in his Original Complaint. [Dkt. 3]. While it purports to add some alleged factual detail, the Amended Complaint still contains claims that have been dismissed by this Court. [Dkt. 26, 29-30]. As Plaintiff has failed to attempt to cure any of the deficiencies contained in his Original Complaint, Plaintiff should be denied leave to amend.

**3. Plaintiff's Motion for Leave to Amend Should Be Denied Because It Is Futile**

In deciding whether to grant leave to amend, the court may consider such factors as futility of amendment, a consideration already made by the Court here [Dkt. 26, § IV]. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (futility of amendment is another substantial reason to deny leave to amend.). An amendment is futile if, after the amendment, the complaint would still "fail to state a claim upon which relief could be granted." *Id*. at 873. The applicable standard is the same requirement of legal sufficiency as applies under Rule 12(b)(6). *Id*. When reviewing a dismissal under Rule 12(b)(6), the Court "accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Villarreal v. Wells Fargo Bank N.A*., 814 F.3d 763, 766 (5th Cir. 2016), citing *Taylor v. Books a Million Inc*., 296 F.3d 376, 378 (5th Cir. 2002). Dismissal is proper "when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Id*.

Plaintiff fails to state a claim with his Proposed First Amended Complaint because the Court has already determined that the allegations in his Original Complaint failed to state a claim for the reasons outlined by the Court in the Magistrate's Recommendation [Dkt. 26] and Order Accepting Recommendation [Dkt. 29]. Although Plaintiff has attempted to bolster his Proposed First Amended Complaint with slightly more factual detail, he has failed to demonstrate that he has overcome the Court's determination that he has failed to state a claim.

**a. Claims Against Markham, Hammett, and Lewis**

Plaintiff's claims against Markham, Hammett, and Lewis are futile because they are entitled to qualified immunity, because Plaintiff has failed to state a claim on which relief may be granted, and because Plaintiff has failed to correct the pleading deficiencies in his Original

Complaint in his Proposed First Amended Complaint. As discussed in greater detail in Defendant James Markham, Andrew Hammett, and Paul Lewis's Rule 12(b)(6) Motion to Dismiss [Dkt. 10], Plaintiff's allegations and evidence establish that Defendants had probable cause to arrest him for multiple violations of the Penal Code. Plaintiff's allegations in support of his excessive force claim fail as a matter of law because they do not establish any injury sufficient to support such a claim. Additionally, Plaintiff offers no well-pled allegations to establish that Defendants violated clearly established law when they arrested him for violations of the Penal Code. Finally, as discussed in greater detail in the Magistrate's Recommendation, Plaintiff's allegations are contradicted by the video evidence. [Dkt. 26, pp. 8, 10].

**b. Claims Against the City of Irving**

Plaintiff's claims against the City are futile because Plaintiff has failed to establish an underlying constitutional violation and because Plaintiff has failed to correct the pleading deficiencies in his Original Complaint in his Proposed First Amended Complaint. As discussed in greater detail in Defendant City of Irving's Rule 12(b)(6) Motion to Dismiss [Dkt. 9], Plaintiff has not plead and cannot establish evidence of any City policy or custom promulgated or adopted by the City's policymakers that caused ("were the moving forces behind") Plaintiff's alleged injuries. Further, Plaintiff cannot show that any of the City's training procedures were inadequate, that the City's policymakers were deliberately indifferent in adopting a training policy, or that any City policy directly caused Plaintiff's alleged injuries. Likewise, Plaintiff cannot show that the polices regarding supervision, training, and treatment of persons was so constitutionally lacking that it constituted a deliberate disregard to Plaintiff's constitutional rights. Finally, as discussed in greater detail in the Magistrate's Recommendation, Plaintiff's

allegations are contradicted by the video evidence and he has failed to allege plausible underlying constitutional violations. [Dkt. 26, pp. 7-8, 10].

**c. John Doe Pleading**

This case arises out of Plaintiff's arrest for Public Intoxication on December 4, 2023. [Dkt. 3, § III(A, R)]. Plaintiff filed his Original Complaint on December 4, 2025, exactly two years after the incident made the basis of this suit and the final day before the statute of limitations lapsed.[5] [Dkt. 3]. Plaintiff did not name and serve any of the John Doe Jail Officers 1-10 identified as defendants in his Original Complaint, and has belatedly identified "Unknown Jail Officer Believed to Be Bermudez" and Jail Officers Does 1, 2, 3, 5, 7, and 8 as Defendants in his Proposed First Amended Complaint. [Dkt. 31-3, p. 1]. Plaintiff argues that pursuant to FRCP 15(c)(1)(C) his Proposed First Amended Complaint identifying Bermudez and the Jail Officers Does relates back to his timely-filed Original Complaint because he originally sued John Doe Jail Officers 1-10, and the City withheld records regarding the jailers' identities when he requested same pursuant to the Texas Public Information Act ("TPIA"). [Dkt. 31-1, §V].

Specifically, Plaintiff asserts that he requested the jail records, calls, and recordings on December 5, 2023. *Id*. However, the City withheld the requested records pursuant to TEX. GOV'T CODE §552.108 because they "deal[] with the detection, investigation, or prosecution of crime and the release of the records would interfere with the detection, investigation, or prosecution of an open or pending criminal matter." [Dkt. 31-2, p. 32].

The criminal case arising from Plaintiff's arrest in his matter was dismissed on March 19, 2025. [Dkt. 3, §§ MM, NN]. On July 16, 2025, Plaintiff submitted a TPIA request for records to the City, which were released as there was no longer a pending criminal case. [Dkt. 31-1, §V;

---

[5] "The limitations period for a claim brought under Section 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Humphreys v. City of Ganado, Tex.*, 467 Fed. Appx. 252, 255 (5th Cir. 2012). The general statute of limitations in Texas is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a).

Dkt. 31-2, p. 33]. Notably, Plaintiff only requested bodyworn camera and dash camera video related to his arrest, and – unlike his December 5, 2023, request – did not include a request for jail records, calls, and recordings. *Id*.

Plaintiff thereafter filed the instant suit on December 4, 2025. [Dkt. 3]. On March 25, 2026, Plaintiff submitted another TPIA request seeking, *inter alia*, "the complete list of 'all officers present on scene, the names of all jail, booking, intake, detention, and custody-transfer personnel who spoke with, interacted with, received, processed, searched, supervised, or took custody' of [Plaintiff]." [Dkt. 31-2, p. 35]. However, the City withheld the requested records pursuant to TEX. GOV'T CODE §552.103 because of pending litigation. *Id*. It is important to note that between the dismissal of the criminal case against Plaintiff on March 19, 2025, and the filing of the instant suit on December 4, 2025, the City did not object to the release of information for TPIA requests submitted during that timeframe. [Dkt. 31-1, §V].

Plaintiff does not allege fraudulent concealment or other wrongdoing by the City. In fact, he does not even argue - much less cite authority to show - that the City was required to provide anything to him or that the City otherwise somehow violated any obligation. The reality is that Plaintiff tried to obtain investigative information from the City via the TPIA but the information he sought was not subject to mandatory release via Open Records because of a pending criminal matter or pending litigation. *See* TEX. GOV'T CODE §§ 552.103, 552.108. Plaintiff correctly does not contend that the City's refusal to release the requested information under the TPIA was in any way improper.

In any event, Plaintiffs' argument that his proposed claims against "Unknown Jail Officer Believed to Be Bermudez" and Jail Officers Does 1, 2, 3, 5, 7, and 8 relate back to his Original Complaint are not valid because "[a]n amendment to substitute a named party for a John Doe

does not relate back under rule 15(c)." *Whitt v. Stephens Cnty.*, 529 F.3d 278, 282-83 (5th Cir. 2008) (citing *Jacobsen v. Osborne*, 133 F.3d 315, 320-21 (5th Cir. 1998) ("reasoning that rule 15(c) requires a 'mistake concerning the identity of the proper party' and that use of a John Doe moniker does not constitute a 'mistake' ").

Likewise, any argument that Plaintiff is entitled to equitable tolling is also not valid. "'Traditional equitable tolling principles preclude a court from invoking equitable tolling . . . when the party seeking relief had an adequate remedy or statutory remedy to avoid the consequences of the statute of limitations.' " *Jenkins v. Tahmahkera*, 151 F.4th 739, 751 (5th Cir. 2025) (quoting *Balle v. Nueces Cnty., Tex.*, 952 F.3d 552, 558 (5th Cir. 2017) (additional citation omitted). The *Tahmahkera* court reasoned that Jenkins had several adequate legal remedies to avoid the running of the statute of limitations, including filing suit earlier than she did. *Id*. That is exactly the situation here – Plaintiff waited *two years* to the day to file this suit. Had Plaintiff exercised due diligence and filed suit earlier, he would have discovered the identities of "Unknown Jail Officer Believed to Be Bermudez" and Jail Officers Does 1, 2, 3, 5, 7, and 8. Instead, Plaintiff waited until the absolute last moment to file suit and now wants to avoid the consequences of that delay.

Moreover, as discussed in greater detail *supra*, between the dismissal of his criminal case on March 19, 2025, and the filing of the instant suit on December 4, 2025, the City did not object to the release of information for TPIA requests submitted during that timeframe. [Dkt. 31-1, §V]. As such, there was a 9-month window within which Plaintiff could have requested the jail records identifying the John Doe defendants and the City could not have asserted any pending litigation objections under the TPIA to the release of said records. As such, Plaintiff cannot

demonstrate his entitlement to his requested relief and his attempt at relation back of his claims against Bermudez and Jail Officers Does 1, 2, 3, 5, 7, and 8 is futile.

**d. Request for Discovery**

In his Proposed First Amended Complaint, Plaintiff seeks to expand his claims against the John Doe jailers previously designated in his Original Complaint but cannot specifically identify any of the said John Doe jailers. *See, generally,* Plaintiff's Proposed First Amended Complaint [Dkt. 31-3]. As such, Plaintiff asks the Court to allow him to conduct "discovery concerning identity, role, notice of this action, substitution, and service." [Dkt. 31-1, §V]. Plaintiff's request for discovery clearly demonstrates his failure to cure the deficiencies in his Original Complaint.

In a 12(b)(6) inquiry, a plaintiff is not entitled to discovery because the "inquiry focuses on the allegations in the pleadings, not whether a plaintiff actually has sufficient evidence to succeed on the merits." *Ferrer v. Chevron Corp*., 484 F.3d 776, 782 (5th Cir. 2007). Such requests for discovery previously have been advanced by plaintiffs and found to be "unavailing," since litigants routinely engage in prefiling discovery and since ample means exist for a plaintiff, prior to the filing of a complaint, to obtain information regarding the official and de facto structure and operation of a governmental entity. *Henrise v. Horvath*, 174 F.Supp.2d 493, 503 n. 6 (N.D. Tex. 2001), aff'd in part, No. 01-10649, 2002 WL 1860556 (5th Cir. June 28, 2002). Moreover, Plaintiff admits that he has received information from the City regarding the incident made the basis of this suit, including bodyworn and dash cam videos regarding the incident. [Dkt. 31-1, §V; Dkt. 31-2, pp. 32-41].

Plaintiff is not entitled to any discovery until he first pleads a plausible claim. The Supreme Court made that point clear in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("Rule 8

. . . does not open the doors of discovery for a plaintiff armed with nothing more than conclusions"). Plaintiff fails to adequately plead facts to overcome the deficiencies in his Original Complaint. Therefore, Plaintiff's Proposed Amended Complaint is deficient as a matter of law and fails to state a plausible claim.

Further, "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (2012) (citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986). When qualified immunity is raised in a motion under FED. R. CIV. P. 12(B)(6), before any discovery is permissible "a district court must first find 'that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Id*. (quoting *Wicks v. Miss. State Emp't Servs*., 41 F.3d 991, 994-95 (5th Cir. 1995).

Finally, "where the pleadings are insufficient to overcome [qualified immunity], the district court must grant the motion to dismiss without the benefit of pre-dismissal discovery." *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022). "To get to discovery, [Plaintiffs] must allege sufficient facts in his complaint to state a plausible claim for relief." *Jackson v. City of Hearne*, 959 F.3d 194, 202 (5th Cir. 2020). "[A]ll plaintiffs - even those who want to go fishing in discovery – must plausibly plead every element of their claim to withstand Rule 12(b)(6)." *Ramirez v. Guadarrama*, 2 F.4th 506, 513 (5th Cir. 2021). Plaintiff has not done so. As such, any attempt by Plaintiff to amend his Complaint would be futile.

**4. Leave to Amend Would Cause Undue Delay and Prejudice**

Finally, as Plaintiff's proposed amendments are futile, leave to amend - if granted - would cause undue delay for all concerned, and prejudice to Defendants. "In deciding whether to grant leave to amend, the court may consider such factors as futility of amendment," *Guevara v.*

*United States*, No. 3:20-CV-0022-D, 2020 WL 1529005, at *4 (N.D. Tex. Mar. 31, 2020), a consideration already made by the Court here. [Dkt. 26, §IV]. Courts also consider undue delay and prejudice to the nonmoving party. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998), quoting *Matter of Southmark Corp*., 88 F.3d 311, 314-15 (5th Cir. 1996). The Court has already resolved the legal questions regarding Plaintiff's allegations that he seeks to relitigate in his Proposed First Amended Complaint. Allowing Plaintiff to file his proposed amendment would require Defendants - and the Court - to needlessly revisit those holdings in further motion practice and rulings, and would unnecessarily prolong the life of this case. The Court should instead deny Plaintiff's motion for leave to amend in its entirety.

**PRAYER**

For the foregoing reasons, Defendants request that the Court deny Plaintiff's Motion to Alter or Vacate the Judgment and For Leave to File the Proposed First Amended Complaint, and award Defendants any and all other relief to which they may be justly entitled, both at law and in equity.